# CV 12-3733

UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT OF NEW YORK.

**SUMMONS ISSUED**

---

PRABIR DHAR,

Plaintiff,

VITALIANO, J.   **ORIGINAL**

-against-

BLOOM, M.J   **COMPLAINT**
**AND JURY TRIAL DEMAND**

The City of New York,

NYC Department of Transportation , (NYC DOT)

Mr.Bojidar Yanev, Administrative Engineer & Executive Director, NYC

DOT Bridge Inspection and Management. (NYC DOT BI).,

Mr. Jyotish Shah, Administrative Engineer & Director, NYC DOT BI

Mr. Thirugnanam Mohan , Civil Engineer, NYC DOT Bridge Inspection and

Management (NYC DOT BI)

Mr. Radu Georgescu, Assistant Civil Engineer, NYC DOT, Bridge

Inspection and Management( NYC DOT BI) and Ms. Shakera Khandakar, Assistant

Corporate counsel, NYC Law Department, The City Of New York.  (Defendants )

---

## NATURE OF ACTION

1.     This action is brought for discrimination in employment pursuant to Title
VII of the Civil Rights Act of 1964,as codified, 42 U.S.C. § § 2000e to 2000e-17(amended in
1972, 1978 and by the civil Rights Act of 1991, Pub.L. No. 102-166)( race, color,
gender, religion,  national origin).



RECEIVED
JUL 2 7 2012
PRO SE OFFICE

2. Americans with Disabilities Act of 1990, as codified, 42 U.S.C § §12112-12117

(amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil

And the Civil Rights Act of 1991, Pub. L. No. 102-166 )

3. For the Violation of PESH, OSHA  and other relvant Safety Regulations for Work Zone etc.

4.. Plaintiff uses, used third person singular number throughout the body of the complaint for ease

,clear description. meanings, and so on .

5.Plaintiff Prabir Dhar,by pro-se , alleges as follows:

6. Plaintiff Prabir Dhar alleges that he was subjected to violation of
Employment discrimination as per Equal Employment Opportunity
Commission Regulation/ Acts , due to the unlawful Employment practices
Performed by the NYC Department of Transportation (NYC DOT),The city of NY.
Mr. Jyotish Shah, Administrative Engineer/ Director, Bridge Inspection
,Research ,Development and Management Division,Mr. Bojider Yanev
,Administrative Engineer/Executive Director, The Bridge Inspection, Research
and Management Division of The New York City Department Of Transportation.
The said Directors of New York City Department of Transportation did
all of the unlawful Employment Practices during the course of the
duties and employed by NYC DOT, A NYC Governmental Agency, The City of New
York With the Collaboration of other defendants/ co-defendants Mr. Radu
Georgescu, Mr. Thirugnam Mohan and Ms. Shakera Khandakar .

- 2 -

## JURISDICTION

7. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, Court pursuant to, as well as 28 U.S.C.§§ 1331,1343. Jurisdiction may also be appropriate under 42 U.S.C. §§1981,1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L. No.102-166,and any related claims under New York Law, ADA 1990..

8.The venue of a claim based on conspiracy is handled in actions under 42 U.S.C.A. §§ 1985 . In an action under §§ 1985 , venue is proper in the district where an overact occurred, hence venue is proper as to cause of action. In this cause of action mostly a major portion of the discriminatory actions, overact occurred and cause of action's venue is NYC Department of Transportation, Division of Bridge Inspection and Management office, 520 Kingsland Avenue, 2nd Floor, Brooklyn, N.Y. 11222. This office is located in Brooklyn County of New York State. 9.The venue is also proper because NYC Department of Transportation hired Plaintiff Prabir Dhar as an Assistant civil Engineer on or about October, 1997 and assigned to work in the NYC Department of Transportation's , Division of Bridge Inspection office located at 520 Kingsland Avenue, 2nd floor, Brooklyn, NY.11222, Which is under Brooklyn (kings) County. The major part of the discriminatory actions by Defendants occurred in Brooklyn. The Supreme court of the United States Eastern District Court of New York has clear and absolute jurisdiction Over Brooklyn county of New York.

The alleged discriminatory act falls under U.S.EEOC'S Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,ADA 1990.

The jurisdiction of the Court is proper in connection with plaintiff's state law claims.                    - 3 -

10.**Venue** is proper in the Brooklyn County, New York, because most of the Unlawful practices in reference to EEOC charges, Excessive unlawful activities, Unauthorized use of forces, Endangering plaintiff's safety unlawful Use of employment practices by the said defendants alleged herein occurred in the county of Brooklyn ,within the Eastern District of New York, where Defendants maintain an office , i.e. The Bridge Inspection, Management Division , The New York City Department of Transportation office at 520 Kingsland Avenue, 2 nd floor, Brooklyn, NY.11222.

## PARTIES

11. **Plaintiff's Residential address:** Plaintiff Prabir Dhar resides at 86-35 Queens Blvd. , Apt. 4N, Elmhurst, New York 11373 an employee of New York City (NYC) Department of Transportation (DOT).

## 12.**Plaintiff's Employment :**

Plaintiff  Prabir Dhar was hired by The NYC Department of Transportation, from civil service list, as an Assistant Civil Engineer, on or about October,1997 and assigned to NYC Department of Transportation, Division Of Bridge Inspection ,Management Division office located at 520 Kingsland Avenue, 2nd floor, Brooklyn, N.Y.11222 and at present i.e. till to day's Date ,working as an Assistant Civil Engineer at the same Office and same location.

## 13.**Plaintiff's office Address** : Prabir Dhar, M.S. Engineering (City College, CUNY),  Assistant Civil Engineer, The New York City, Department Of Transportation, Bridge Inspection , Management Division Office, 520 Kingsland Avenue, 2nd Floor, Brooklyn, NY.11222.

-4 -

14.Employment:.**Defendant Mr.Bojidar Yanev, Administrative Engineer/ Executive**
Director, NYC Division of Bridge Inspection, Research ,Development,and
Management an Employee of NEW YORK CITY Department of Transportation, 55
Water  Street, 4 th floor NY.NY. 10041 .

15. Defendant ; Mr. Bojidar Yanev 's Residential Address/ Residence.:
Manhattan, Avenue C, NY.NY.

16.In addition to the individually named defendants, The City Of New York and
NYC Department of Transportation, Doing Official Business as A NEW YORK CITY
Governmental Agency, The City Of New York, N.Y NY.10041 .

 are / as the responsible party/ Parties .

17 Employment:. **Defendant Mr. Jyotish Shah, Administrative Engineer**
**/Director,**

**an** Employee of NEW YORK CITY Department of Transportation, and NYC
Department of Transportation, A NEW YORK CITY AGENCY, The City of New York
as the responsible party/Parties. Mr. Jyotish Shah maintaining and sitting
at the following Offices : (i)**NYC Department of Transportation,** Bridge
Inspection, Management Division, The NYC DOT BI , 520 KINGSLAND
Avenue, 2nd  Floor, Brooklyn, NY. 11222 . and (ii) **NYC Department of**
**Transportation office,** Research ,Development and Management Division Office
,55 Water Street, 4 th floor, N.Y. N.Y.10041.

**18.Defendant's (Mr.Jyotish Shah)Residential Address** : Mr. Jyotish Shah,
6 Cumberland Dr., Voorhees/Cherry Hill, New Jersey, N.J.08043.

**19.Defendant Mr.Thirugnanam Mohan,Civil Engineer,a**
**Probationary Employee, NYC DOT Bridge Inspection and Management**
**(NYC DOT BI):** 520 kingsland Avenue,Second Floor, Room No. 103,
Brooklyn, N.Y. 11222.

20..Mr. Thirugnanam : Residence:14 Yorktown Road, Monmouth
Junction, N.J.08852.

21.Defendant Mr.Radu Georgescu's office address: An Assistant Civil
Engineer, a Probationary Employee of NYC DOT BI 520 kingsland Avenue,
Second Floor, Room No. 103, Brooklyn, N.Y. 11222

22. Defendant Mr. Radu Georgescu's Residential Address: 75-14 , 192 Street
PVT. Fresh Meadows, Queens,NY.11366

23. Defendant : The City of NY,NYC Department of Transportation, et al.,
( Attention : Commissioner/ Personnel/ Human Resource/Legal Affairs) a NYC
Governmental agency, The City Of New York,Presently maintaining one of their
main and ortheir principle office at New York, 55 water Street, New York, NY.
10041.

Service Copy to : Ms.Frankowski, Jean , Director of Personnel and Payroll,
New York City Department of Transportation, 55 Water Street,N.Y.NY. 10041

24.Defendant Ms. Shakera Khandakar, Official Address: An Assistant
Corporation Counsel, NYC Law Department,100 Church Street, Room 2-183,
NY.NY.10017.

25. Defendant Ms. Shakera Khandakar : Residence (s) : 2648 Flower St,
Westbury, LI., N.Y.11590.

26. Service Copy : Attn. Mr. Michael A. Cardozo, Corporation Counsel, The
City of Law Department, 100 Church Street, Room 6-100, NY.NY.10007.

27. Legal-Service Copy to : NYC Dept. of Transportation : Mr. Philip
Damashek- General Counsel, Dvn.Legal Affairs,NYC.DOT 55 Water St,NY.10041.

28.Chief Bridge Officer-Service Copy to : NYC DOT : For information and
necessary Action :Mr.Henry Perahia, Hon.Deputy Commissioner and Chief Bridge
Officer, NYC DOT. 55 Water Street,5 TH FL.NY.NY. 10041.

29.Deputy Chief Engineer : Service copy to: For Information and necessary
Action : Mr.Russel Holcomb ,Hon. Deputy Chief Engineer, NYC DOT Bridges.

30.**COMPLAINT** : Defendants Mr.JYOTISH SHAH, Administrative Engineer as well as DIRECTOR and MR.BOJIDAR YANEV, Administrative Engineer as well as EXECUTIVE DIRECTOR, both of them are Employees, Supervisors and or
- 6 -
Managers of NYC. Department of Transportation, a NYC Government Agency and did all of the alleged discriminatory actions, Use of excessive forces Trespassing beyond their duties and capacities , Violated and violating Supervisory Chain in command , put plaintiff in unsafe working Zone conditions in numerous Field Inspection Trips  through their conspiracy conference with other defendants .

This conspiracies lately started, documented from the field inspection trip of on or about May 02, 2011 thru to days date lately on March 06,2012, where plaintiff as the Assistant team leader, inspector working under the direct supervision of Mr.T.Mohan and closely Monitored by Mr.Bojidar Yanev and Mr.Jyotish Shah

The safety violation is a subject of violation to Occupational Health and Safety Acts (OSHA),laws, rules ,regulations.

31. Defendants such unlawful and mischief actions, endangering Plaintiff's life are subject to unlawful Employment Practices , Under Title VII of the Civil Rights Acts of 1964 as codified, 42 section 2000e. ADA 1990 EEOC Acts and is/ are in violation of Employee- Employer relationship agreement between the New York City and Plaintiff's union , Local-375,District Council - 37,AFSME,AFL-CIO .Mayors Executive orders # 58,109 of article XIV and performed and continue performing during the course of their employment and while on duties.

32.All of the individually named defendants were hired by the New York City, The Department of Transportation ,and the city of New York, Law Department performing their Service as employees of The New York City Department of Transportation, and NYC Law Department and engaged in stated unlawful

- 7 -

Activities during the course of their employment with the City Of New York.

33. Defendant Ms. Shakera Khandakar, Assistant Corporation Counsel in the office of Corporation counsel, Law Department , The City Of New York interfering within the New York City , Department of Transportation's Exclusive Internal matters, Issues and so on but not limited to : Guiding, instructing, advising Employee(s), such as Mr. Radu Georgescu, an Assistant Civil Engineer, Individually named defendants Mr. J.Shah, Mr. B. Yanev of NYC DOT to file complaint against another employee i.e. Mr.Prabir Dhar, Plaintiff herein to the NYC DOT Advocate Office for disciplinary action , who is a Plaintiff in the pending litigation ref. U.S. District Court of Eastern District of New York, Ref.10-CV-5681. As such Ms. S.Khandakar violated the New York City, Department of Transportation's Code of Conduct, Conflict of interest.

34. Defendant Ms. Shakera Khandakar thus eventually engaged directly in the harassment of Plaintiff, her role was/ is improper due to her unlawful and direct participation and in collaboration with the individually named defendants, and as such she had crossed the boundary of her jurisdiction, Capacities, thus made her as one of the defendants.

35. In the US Eastern District Court of New York , Prior INDEX # 10-CV-5681 Ms. Shakera Khandaker failed to inform promptly her national background, silent to disclose her national originality, religious background where there is conflicting interest, which as an off counsel attorney for defendants , she should disclose in the initial conference or earlier than that, However the Counselor failed to do so. Since there was conflicting national

originality , that coincide , such as Ms.S. Khandaker's national originality is same as Plaintiff's national originality i.e. Bangladeshi origin. During the Deposition of Index 10-cv-5681 Ms. Shakera Khandakar asked numerous unnecessary, reckless questions about Plaintiff's Christianity in a biased manner, to hurt plaintiff's sensitive religious Faith as such exhibited herself as racially biased person and it appears that she has negative, adverse impression and she expressed her negative feeling and Disliking towards Plaintiff's Christian Religion, upon believe that It is due to her Islamic/ Muslim religious faith and background..

36. Ms. Shakera Khandakar failed in bringing promptly to the attention of court about her national originality and the NYC DOT Advocate office disciplinary issues concern to Plaintiff as well as individually named defendants all pending prior other issues such as NYC DOT Advocate(s) offices case(s), those were relevant facts with the index 10-CV-5681.Thus the attorney's action obstructed the effective administration of the Court's Business. As such the attorney had violated US. District Court of Eastern District of New York's Local Civil Rule 1.6. Duty of Attorney's in related case.

37. Ms. Shakera Khandakar also exhibited untruthfulness while providing and exchanging the discovery materials, information with plaintiff in ref. 10-CV-5681.

Please review the following NON-Clients Liability and How Ms. Shakera Khandakar violated them.

-9 -

## 1.1:400   Liability to Certain Non-Clients

☐ **Primary New York References** : DR 7-102(A)(3) & (5), EC 7-5, 7-26

☐ **Background References** : ABA Model Rule 1.1 & 4.1, Other Jurisdictions

☐ **Commentary** : ABA/BNA ☐ 71:1101, ALI-LGL ☐ 73, Wolfram ☐ 5.6

☐ **NY Commentary:** Simon's N.Y. Code of Prof. Resp. Annot. (1999 ed.) Carion 7, *et seq.*

### Relevant Disciplinary Rules

The New York Disciplinary Rules mandating truthfulness and prohibiting omissions in violation of a legal duty apply with equal force to a lawyer's interactions with non-clients. Specifically, NY DR 7-102(A)(2) states that "[i]n the representation of a client, a lawyer shall not . . . [k]nowingly make a false statement of law or fact." NY DR 7-102(A)(3) provides, moreover, that a lawyer shall not "conceal or knowingly fail to disclose that which the lawyer is required by law to reveal."

### Relevant Cases

Participation in Clients' Fraud: See **Stochastic Decisions, Inc. v. DiDomenico, 995 F.2d 1158 (2d Cir.)** (holding lawyer liable for fraudulent misrepresentation and defrauding non-clients when he transferred client☐s assets to his account in

order to defraud the client☐s creditors), **cert. denied, 510 U.S. 945 (1993); Chase Manhattan Bank, N.A. v. Perla, 65 A.D.2d 207, 411 N.Y.S.2d 66 (4th Dept 1978)** (holding lawyer liable for knowingly making false assertion that the client☐s house was being sold and that the non-client would be paid from the proceeds of the sale); compare, **Royal American Managers, Inc. v. IRC Holding Corp., 885 F.2d 1011 (2d Cir. 1989)** (seller☐s lawyer was not liable when he gave the buyer of a large block of shares his opinion that government approval was not required for the sale because buyer could have discovered otherwise with ordinary diligence).

38. Additionally during the deposition(s) in ref. to Index 10-CV-5681 , Ms. Shakera Khandakar violated the Local Rule 30.4 by conferring with the deponent(s) while deposition Question (s) was/ were pending.

39. Ms. Shakera Khandakar also misguided, mislead the deponent(s) to state untruth statement (s)during the deposition.

40. Defendant Ms. Shakera Khandakar trespassed , trespassing beyond her capacity as an off counsel attorney for defendants and as an Assistant Corporation Counsel of the Law Department, The City of New York, Department of Transportation's Internal Code of conduct rules, regulation by directly interfering , Involving, in the NYC DOT'S Internal issues.

41. Ms. Shakera Khandakar , failed to inform, aware her client(s) individually named defendants such as Mr. Bojidar Yanev, not to provide the Copies of internal memo(s) to the off counsel attorney i.e. Ms. Shakera Khandaker NYC DOT'S Internal matter, those are/ were exclusively NYC DOT'S Internal issues.

42. Ms. Khandaker openly disclosed the Plaintiff's S.S. # and Full date of birth in the Deposition, she had taken for Plaintiff on or about March 15, 2012, in ref.to CV-10-5681, thus disclosed Plaintiff's Private information as such violated the Federal Rules of Civil Procedure, relevant privacy act..

43. Ms. Shakera Khandaker, sent to plaintiff unauthorized Medical release forms, sets self made forms repeatedly and brought motion for their approval and again brought motion to overruled her own approved form(s). Thus Ms. S. Khandakar showed her reckless movement in the prior Index. 10-CV-5681. Who also appears to be lacking experience to represent this kind of case(s).

44. Ms. Shakera Khandakar engaged intentionally in the alteration, deletion as such Fabrications of Discovery materials during the exchange of discovery materials ref. to index 10-CV-5681.

45. Thus Ms. Khandakar's such adverse actions, and by doing all of the stated unlawful, irregular, and or other activities her roles were/ are subject to Violation of Federal Rules of Civil Procedures. (FRCP)

After all the aforedescribed violation, actively collaborating with the

- 11

Defendants in their conspiracies, making the proceeding very complicated, now the off counsel attorney's direct involvement in the adverse acts of other

defendants , made herself as an integral part of the defendants actions who is in violation while on duties with the NYC Law Department, The City Of New York.

46. Plaintiff alleges, re-alleges , repeats above paragraphs 1 through # 45.

47. The city of New York , Law Department had ignored and contested, opposed Plaintiff's all prior request in reference to Replacement of the Counselor Ms. Shakera Khandakar from representation due to her national origin of Bangladesh, exactly same as Plaintiff's national origin, where national origin is one of the basis, factor of US. EEOC Charge, eventually, circumstances created /creates conflict of interest, in ref. Index. 10-CV-5681

48. Defendant maintain a permanent divisional/ unit office of NYC Department of Law, 100 Church Street, NY. NY. 10007.

49. The City of New York, as an employer doing business as The Department of Transportation  and other(s) had failed to take any Corrective remedies, Amicable Solution and appropriate action (s) against those Directors, employed by the NYC DOT, to protect in Plaintiff's Civil Rights under title VII of Act. 1964, other Lawful, legal Rights of employees / protected rights Of Plaintiff as an Employee, those rights covered under The New York Human Rights, New York Executive Rights, New York City Rights, The rights covered as per agreement between the NYC and plaintiff's affiliated union and so on.

50. As an employee of the NYC DOT plaintiff possess the protected rights Under Title VII Civil Rights Act of 1964, New York State

-12-

Executive Law, New York City and or protected by U.S.EEOC Laws,

Regulations, Act. as well as The Americans wit Disabilities Act(ADA).

1990.

## DISCRIMINATORY CONDUCT AND COMPLAIN

51.The discriminatory Conduct Which Plaintiff complains against the

Defendants in this action includes but not limited to :

(a) Failure to provide required, sufficient safety vehicles, safe Work Zone

during the field inspection of Bridges

(b) Put, jeopardize Plaintiff's safety ,by intentionally exposing plaintiff

in front of the moving vehicle through the numerous conspiracy meetings,

Lately during the field inspection dated March 06, 2012, there were some

documented pictures of conspiracies, those pictures had been safe guarded,

removed from the camera by the defendants, namely such as but not limited

by Mr. Radu Georgescu. The notable pictures safe guarded namely : Pictures #

139, 140, 141, 142, 143, 152 thru 185, 187 and so on. This kind of conspiracy

lately started since The field inspection dated on or about 05-02-2011 and

continuing till today's date .i.e. date of filing of this complaint.

(c) The NYC DOT Health and Safety Department, The NYC DOT, The City of New

York had Failed to provide adequate safety vehicle, Equipment(s) to protect

plaintiff During the field inspection(s), thus violated the Manual on Uniform

Traffic Control Division MUTCD MANNUAL GUIDE, U.S Federal code: 23 CFR , code

of Federal rules and regulation.

(d) In general the individually named defendants enforced Plaintiff to work

in unsafe, hostile working Environment in the field as well as in the office

through the active involvement of the defendants(s), such as Mr. Radu

Georgescu, Mr. T.Mohan , Mr. J.Shah, Mr/ B. Yanev and or others.

(e) Eventually defendants Unlawfully , intentionally removed the Mini van from working/ bridge inspection Zone, through criminal activities and in violation of U.S. Occupational Safety and Health Act.(OSHA), U.S LABOR Laws, US FHWA, NYC DOT'S Standards ,PESH, NYS DOL, NYC DOT Standard Operating Procedures (SOP)

(f) Failed to take precautionary measure for exposing plaintiff In the Smoking fumes from the smoking, Frequent and chain smoker employee Mr.Radu Georgescu's Cigarettes fumes. Thus Defendants violating the City of New York, The department of transportation Code of conduct and The city of New York Work place " Smoke free Zone " laws and regulations.

(g)Defendants had Violated the Public Employee Safety and Health Bureau ( PESH) Laws, Regulation.

(h) Defendants Violated the FHWA, Work Zone Safety Laws, Work Zone Safety ,
(i) All of the defendants engaged in creating adverse working condition/ Environment for plaintiff With the collaboration of Ms. Shakera Khandakar, an Assistant Corporate Counsel, an off counsel Attorney for the defendants in Index. # 10-CV-5681, who is representing the defendants in the said prior action, an inexperience attorney who has only little experience , reported as nearly only 3(Three) years of experience and upon believe that she had taken only and First Deposition in her professional life / field i.e. First Deposition of Plaintiff taken on or about March 15, 2012 in the prior legal ( Index. 10-CV-5681), where she had violated Federal Rules of Civil Procedure (FRCP) , Federal Privacy Act 5.2.and disclosed openly in the transcript. Plaintiff's such private, personal information. During the said deposition Ms. Shakera Khandakar also asked numerous irrelevant question(s) about the plaintiff's religion etc.

-14-

(j) Ms. Shakera Khndakar conferred with the defendants and or other employees about NYC DOT Internal issues , Guided an employee Mr. Radu Georgescu to complain to the NYC DOT Advocate office for disciplinary action against the Employee Mr. Prabir Dhar ,who is the Plaintiff in Prior and this action.

(k) As per above descriptions, thus Ms. Shakera Khandakar, Misguided the employee Mr. Radu Georgescu, an Assistant Civil Engineer to complain against the employee Mr.Prabir Dhar, and eventually Ms. S. Khandakar involved directly with the Defendants as an associate , violated , interrupted the Chain in supervision, Crossed the boundary of her capacity as an employee of NYC Law Department, extended her adverse action beyond her own  The City of NY, Law Department's Jurisdiction. Ms. Shakera Khandakar's negative, Disciplinary Guide and active participation in the conspiracies , trespasses the NYC DOT'S Internal, New York City Guide.

As such she had violated the laws, rules of relevant New York State, New York City, New York City Department of Transportation's code of conduct rules. Violated the NYC DOT'S Division of Occupational Health and Safety  rules.

(l) It is certainly necessary to note and indicate that In Bangladesh It is legal, allowed to discriminate Minority Christians( Nearly 5%) by the Majority Muslim nearly (85 % ). Whereas Ms. Shakera Khandakar falls in the category and within the Majority  Group of Muslim Religion and Plaintiff Mr.Prabir  Dhar is within the minority Group Christians. Ms. Shakera Khandakar's  National Background and religious faith encouraged and made her her to actively involve, participate in discrimination and unlawful involvement and collaboration with the defendants.

(m) In spite of repeated request sent to NYC DOT Health and Safety Department's Director and or other personal of the unit, NYC DOT Bridges  failed to take any precautionary measure to protect plaintiff's Safety

Concern, or retrieve the safe guarded , disputed photos. In ref. field inspection dated 03-06-2012.

(n) Failure to promote/ Failure in raising salary through adjustment of Associate Project Manager, Exam # 8018, ref, e-mail dated 07-07-2011.

(0) Unequal Terms and Conditions of Plaintiff's employment, Lack of necessary safety Services , Failed to provide necessary Safety tools, equipments etc.

(p) Retaliation

(q) Failure to offer and or provide reasonable overtime.

(r) Failure to inform about the findings/ outcome in reference to False accusation made to Advocate office of NYC DOT. Against Plaintiff. Eventually continuing Harassment.

(s) Failure to respond in reference to repeated request, appeal for reasonable, amicable solution through salary adjustment, Title adjustment.

(t) Hostile working environment

(u) Constant and continuous unreasonable work-load & other adverse working environment.

(v) Pressuring to perform field work in adverse physical condition, when Plaintiff was restricted from some physical activities, and or to follow limited physical work, per his physicians instruction, advice. As Such had violated the Americans Disabilities Act.

(w) Defendant(s) lied about Plaintiff's Job description, to block Promotional Opportunities in ref. to Associate Project Manager query.

(x) Intimidation, humiliation & so on.

(y) Insisting other(s) field supervisor , co- workers to co-ordinate ,and Participate in discriminatory conspiracies etc.

- 16 -

(z)Failed to provide Evaluation, Annual evaluations of 2002 through 2008, 2009 and so on as stated and testified by the defendants in several occasions.

(a1)Affiliation and Plaintiff's active Participation and involvement with the union.

(b1)Each and all of the Allegation (s) mentioned with the US.EEOC charges Filed on or about 02-24-2012, EEOC Charge No. 520-2012-01421 attached herewith as Exhibit " EE"

(c1)In spite of several complaints made by the Plaintiff against the defendants informing all of the stated causes, complaints to the concern personnel, higher officials of NYC Department of Transportation about those unlawful employment practices, no action had been taken.

52. According to U.S.EEOC discriminatory act and about other allegations. tll the date of filling this proceeding with complain no affirmative action was taken rather, defendants accelerated discriminatory action, retaliation . All of these EEOC, Title vii Unlawful employment practices , violations occurred due to the actions of said two Directors of NYC DOT and their other associates/ individually named Defendants  and as such created causes of actions, while performing their official duties as employees of NYC. Department of Transportation. NYC Department of Law, The city of New York.

53. Additional Discriminatory Conduct and complain:

(a) Failure to promote and adjust to Associate Project Manager Title

Exam number 8018 , from upgrading the current title of Assistant Civil Engineer.

(b) Ignored the Department of City Wide ( DCAS) as well as Personnel e

-mail dated July , 06 , 2011 and or July 07, 2011.

(c) Violated the Plaintiff's rights as an employee with disability(ies) act

(d) Jeopardize Plaintiff' Safety thru criminal activities of the defendants

by their mischief behavior including the pre-planned conspiracies meeting

On or about March 01, 02, 2012 and attempted to implement a Fatal accident by unsafe

field condition on or about March 06, 2012 ,such as by providing insufficient safety vehicle

and removing the so called lane closing Mini Van by the defendant(s) Mr. Radu

Georgescu, in collaboration with Mr. T. Mohan, the team leader and field supervisor.

Later on Mr. Georgescu safe guarded the unsafe scene and handed those pictures to other

defendants(s) namely Mr. Boijdar Yanev, Mr. Jyotish Shah to get his so called credit for

his active role in the mischief.

(e) Unequal terms and conditions of Plaintiff's employment.

Lack of Supply of Protective Equipments. lack of supplied tools , and so on.

(f) Consistent, Constant Retaliation

(g) Constant severe harassment by sending plaintiff to advocate office based

On untruth, made up stories . Typical harassment started since on or about 2000 to till

today's date.

(h) Planned by the defendants to put plaintiff in dangerous situation

While plaintiff is in the field, by mischief , conspiracies plan

(i)       Supplied inadequate Safety equipments, such as Shadow vehicle,(s), Visible warning

signs, Lane closing, removing the safety vehicle from the end but preplanned

Operation to make plaintiff's life in danger including Fatal Accident

( j) Sending Plaintiff in an un necessary field trip, very unusual , Suspicious way and against Standard inspection procedures, Against the Inspection policies, such as the bridge(s) under rehabilitation and open deck where the risky loose heavy construction materials Hanging / spread  around it was / is very unusual assignment for the Inspection. According to NYC DOT Standards, SOP etc.

54. **U.S.EEOC DECISION,OUTCOME** :

The Equal Employment Opportunity Commission has issued a Right to Sue Letter on or about 05-03-2012 , which Plaintiff received on or about 05-06-2012.

55.It is plaintiff's best recollection that alleged discriminatory acts occurred in numerous occasions, and provided in details with The self explanatory charges filed with the EEOC, dated :
 02-24-2012 . (Exhibit-EE )

56.Plaintiff believes that the Defendant(s) still committing these acts against the plaintiff. Defendants discriminated against Plaintiff based on Plaintiff's :

Race- Bangladeshi East Bengali

  . (i)    Color- East Bengali

   (ii)   Religion/Creed- Christian .

   (iv)Bengali - Christian- catholic

   (v)National Origin- Originally from Bangladesh.

   (VI) Retaliation .

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

57. Eventually, Plaintiff filed a complaint on or about 02-24-2012 with the EEOC, NEW YORK DISTRICT OFFICE. Plaintiff received the Notice of right to sue letter on or about 05/06/2012 from EEOC'S New York's District office, which was issued / by EEOC,NY. District office on or about 05/03/2012 as " Dismissal and Notice of Rights " by U.S.Equal Employment Opportunity Commission , New York District Office in Ref. to EEOC charge No. 520-2012-01421 , Respondent : NYC Department of Transportation

## FACTS UNDERLYING ALL CAUSES OF ACTION

58. On or about May 02, 2011 to till today's date Plaintiff spoke, Sent numerous e-mails , e-mailed , discussed with Mr Joytish Shah , Mr. Bojidar Yanev , Mr. Radu Georgescu and plaintiff's immediate field supervisor Mr. Thirugnanam Mohan, Team Leader , who is serving as a Civil Engineer and as an Employee of New York City Department of Transportation about plaintiff's safety ,during the field inspection, OSHA Violations while performing the field inspection. Lately on or about  March 06, 2012,where Mr. Radu Georgescu Removed the Minivan to make the working Zone, vulnerable and unsafe for Plaintiff's Inspection  As per defendants prior mischief plan Mr. Georgescu and Mr.T. Mohan immediately removed the relevant unsafe zone pictures from camera and safe guarded for defendants to show to other Associate defendants.

59.Eventually plaintiff had discovered  that Plaintiff had been victim of the conspiracies activities of the said all defendants, performing collectively to jeopardize plaintiff's Safety specially while in the field .
As such the defendants engaged in adverse actions continuously harassing

every possible ways such as but not limited :

To including sending to Advocate office for Safety Related issues

Through false accusation by Mr. Radu Georgescu and his other associates

listed as individually named defendants., whereas hiding, suppressing the

real underlying facts of the defendants conspiracies in ref. to the field

inspections(s)  On the other hands for typically same, similar inspection

More, adequate safety measure (s)  had been taken by the defendants.

for other inspectors, while they were /are in the field /inspection.

60. Hence due to the unequal, double standards  safety rule setting by

defendants and their relevant acts by aforementioned two Directors As well as

by the field supervisor Mr. T. Mohan and the Assistant Civil Engineer Mr.

Radu Georgescu , a member in the team engaged in conspiracies

61.Eventually with the co-operation and or ,guidance Of Ms. Shakera Khandakar

, an Assistant Corporation Counsel, NYC Law Department performed and

performing the relevant safety hazardous , harassment discrimination. Thus as

a whole The New York City, is subject to  and in  violation of US EEOC

regulations.

Employer NYC DOT , The City of New York is subject to/in violation of EEOC

regulations as well

as in violation of ,"Citywide Contract , Between The City Of New York

and District Council -37, AFSME, AFL-CIO January 1,1995- June 30,2001

It may be mentioned here Plaintiff is an affiliated Union member of

Local- 375, District Council-37, American Federation of State, City.

62. The a aforementioned employees, directors, Assistant Corporation Counsel

and or individually named defendants directly involved in Conspiracies to

jeopardize plaintiff's safety ,this issue was raised in One of the Motion

dated on or about March in ref. to the prior Index. 10-CV-5681

63. Defendants violated Mayors Executive order(s) # 58, 109

 Article XIV Occupational Health and Safety Regulations

These regulations are relevant due to plaintiff's affiliation with

The American Federation for State, City , Municipal Employees (AFSCME),AFL.-

CIO, District Council 37 ( DC-37), Local 375 , due to Plaintiff's Job Title

and or Association, Affiliation with the Union.

64.The discriminatory conduct of which Plaintiff complains in this

action includes but not limited to :

Failure to promote in reference to salary increase, Adjustment to Department

of City Wide ( DCAS) Qualified , entitled Position as Associate Project

Manager ( APM, Exam # 8018 )compare to other NYC DOT Employees had been

offered, adjusted for such position (s).

performing typically similar job assignment on day to day business .

65. Unequal terms and conditions of plaintiff's employment status

Compared to other similarly situated privileged group employees.

 reference to salary and other assignments, Created by Mr.Jyotish Shah,

Director, Mr. Bojider Yanev , Executive Director by NYC

Department of Transportation, eventually by the City of new York

These privileged group employees are some how similar in background with the

said two Directors, and with one of the Team Leader Mr.T. Mohan. And

defendants in this action.

66. Hostile and adverse working environment created for the plaintiff

by the Defendants Mr.Jyotish Shah,Mr. Bojider Yanev, both the

Administrative Engineers and Directors of NYC DOT,Bridge Inspection,

and others while Performing their duties as employees of NYC Law

Department , The city of NY.

- 22-

With the Direct assistance of Mr. Radu Georgescu and co-operation of Mr. T. Mohan those are probationary employees and their job is depends on the mercies of the said two directors in collaboration with Ms. Shakera Khandakar, An Assistant Corporation Counsel of NYC Law Department.

67. Retaliation, created by the Defendants Mr.Jyotish Shah,

Mr Bojider Yanev, both the Directors of NYC DOT, Bridge Inspection ,while with the direct collaboration of Mr. Radu Georgescu, an Assistant Team Leader , Mr. Thirugnanam Mohan ( T. Mohan) are involved in the conspiracies, making false accusations , complaint, insecure plaintiff's Safety. Harassing tried and failed in unsuccessful attempt(s),jeopardize plaintiff's Safety including  Potential Life Threatening, Fatal Accident(s)

Performing their duties as employees of NYC DOT. These Retaliations accelerated since plaintiff had formally FILED A  LAWS SUIT REF. INDEX CV-10-5681 , WITH THE US ED.Court of NY.

68. Retaliatory Action(s) of Employer : Employment actions violating , adverse employment decision  by direct supervision, Close Monitoring of One of the individually named defendant Mr. Bojidar Yanev, trespassing the Chain of supervising structure(s), command in supervision,

mischaracterization  of the Plaintiff's job duties by providing untruth information about Plaintiff job description, by both the Directors Mr. J.Shah and Mr. B. Yanev.

As such they were  engaged in the official Misconduct,

And in  violation of  NYS  Penal Law 195.0 , which is Misdemeanor.

69.Plaintiff alleges, re-alleges, repeats all of the Other allegations Information cited in the complaint, as stated from the Paragraph  1 thru Paragraph 68 above.

70. Plaintiff alleges, re-alleges, repeats all of the Other allegations Information cited in the complaint, described and stated complaints filed charge sheet with the US Equal Employment Opportunity Commission ( U.S.EEOC), herewith attached as an Exhibit- EE , Filed on or about Feb.24 ,2012 US.EEOC Charge Number : 520-2012-01421 and its attachments would also be an integral part of this compliant.

71.All concern higher officials had been informed to take their proper Action (s) On their part, such as but not limited to :
Chief Of Bridge Officer, Deputy Chief Engineer and Safety Division of NYC DOT. thru , e-mails etc. More explanation would be provided
if in need and as per pertaining laws, regulations etc.
Plaintiff further alleges in support of the above allegations,
Recently, Plaintiff made casual and formal Complain to all concern . No Necessary , positive action including Associate Project Manager Adjustment and precautionary measure and or other action , no action had been made as of today i.e filing of this complaint.

72.Plaintiff repeats information, alleges, re-alleges
Paragraph 1 through 71 above, and eventually plaintiff made
Numerous complaint to said Directors and or other higher officials to resolve the stated discrimination, Adjustment to Associate Project Manager ref. DCAS, NYC DOT Personnel and other issues, safety, OSHA Violations , Smoke free work Zone and so on.

73. Plaintiff received no positive response, instead those Two Directors of NYC DOT Mr.Joytish Shah and Mr. Bojider Yanev accelerated their Retaliatory Attitude ,behavior and other adverse acts, towards Plaintiff & continuing such actions with the collaboration of other defendant(s ) listed in this complaint

. - 24-

74. Most of the time these defendants , mainly the two Directors also misused and misusing their authorities, Chain and supervisory structure, command , capacities and so on.

(s) Mr. Jyotish Shah and or Mr. Bojidar Yanev with the guidance, assistance of Ms. Shakera Khandakar , an Assistant Corporation counsel and off counsel attorney for the defendants in ref. index # 10-cv-5681 ,insisted and insisting the field supervisor of Plaintiff i.e.Mr.T. Mohan, Team Leader and Assistant Team Leader Mr. Radu Georgescu to assist in their unlawful employment practices, conspiracy actions ,adverse activities, those two employees noted In the later part are probationary employees of NYC DOT, Bridge inspection. This field Supervisor Mr.T.Mohan's and Assistant Team Leader had been hired as Probationary employees, as such their job is insecure, unstable & duration depends on so called mercies of said two Directors.

75. Eventually Later on Plaintiff made formal complain to NYC DOT Health and Safety office , Providing copies to Chief of Bridge Officer, Deputy Chief Engineer of the NYC DOT Bridge Inspection and others

76. Below are some part of few e-mail(s) from one of the individually named defendant Mr. Bojidar Yanev. Defendant Mr. Bojidar Yanev ,issued warning e-mail(s) that plaintiff should not speak about safety rather he was talking about report !!, including warning statement, where he had raised very irrelevant issues such as but not limited to ; Performance and other irrelevant issues . such as asking Plaintiff, instructing plaintiff to submit report which is irrelevant and as a director, he disregarded and ignored the chain of supervision command.

-25-

77. A part of Mr. Bojidar Yanev's e- mail as follows ;

In responding Plaintiff's Email about the defendants conspiracies, unsafe lane closing issue, safety issues etc.

---March 07, 2012 2012 ( Wednesday, author Mr. B. Yanev)

_" Mr. Dhar, --- - - Please deliver to your team leader in a timely manner the safety flag that you were assigned to prepare.-" Yanev

Author Mr. B. Yanev , Tuesday, March 13, 2012, 10:18 A.M

" Mr. Dhar, --2. As Executive Director of Bridge Inspection & Management, I have the discression to review your performance, I would like to bring to your attention that it does not meet the standards of the tasks under your employment contract with NYC DOT as Assistant Civil Engineer. Bridge Inspections require highly techical Physical work in the field. If you find that requirement problematic, you may wish to discuss it with the Employee Assistance Program office. " Yanev

78. Defendants failed to provide proper service(s),Camera, Harness, Extra Table Lamp (s), lighting on the desk etc.

Individually named Directors / defendants using the co-worker (s) against plaintiff and their Other adverse actions ,creating adverse, Hostile working environment.

79. Defendants collectively worked, working together against the Plaintiff, made a False, unlawful complaint to the NYC DOT Advocate office on or about May 21, May 22, 2012 with the guidance of an off counsel attorney Ms. Shakera Khandakar , an Assistant corporation counsel of NYC Law Department. Who is the off counsel attorney for the defendants Mr. Jyotish Shah , Mr. Bojidar Yanev et al in ref. Index No. 10-CV- 5681 (ENV )( VVP), Ms. Shakera Khandakar using the employee Mr. Radu Geeorgesccu as complainant. Filed a false,

Frivolous complaint with the accusation to the plaintiff about an

Safety Related issue of March 06, 2012.

80. Defendants  Mr. J. Shah, Mr. B.Yanev consistently made numerous false ,

Typical complaint against the plaintiff since 2000 through 2012.

(1) Defendant Ms. Shakera Khandakar, an Assistant Corporation  counsel of the NYC Law

Department,  during the pending index 10-CV- 5681 failed to disclose her National

origin of Bangladeshi and her Religion is Islamic/ Muslim faith . Since the National origin,

religion  are also part of that index. Also the plaintiff's national origin is  Bangladesh with

Christianity / Faith - Religion.

In addition  said  attorney failed to inform the court about the past, previous, present pending

Relevant issues in reference to plaintiff , The associated facts are relevant to a determination that

said case (s) be heard by the same judge, as soon as the attorney become aware of such

relationship.

As such defendant Ms. Shakera Khandakar  had violated U.S  Eastern District Court

Local Civil Rule 1.6. Duty of  Attorneys in related Cases.

81. In the last deposition of Mr. Jyotish Shah, dated 05-09-2012, in ref.  CV-10-5681  the

attorney Ms. Khandakar ,  used numerous " Warning '' words towards plaintiff and very

frequently called The magistrate judge  for simple, silly issues , During the most of deposition (s)

in ref. 10-CV-5681, Ms. Shakera Khandakar  confer with the deponents while there

was / were deposition question (s)  pending., An attorney for a deponent shall not initiate a

private conference with the deponent while a deposition question is pending, -as such Ms.

Shakera Khandakar  an off counsel Attorney for defendants in the index #  10- CV-5681-had

violated the local civil rule 30. 4

82. The defendants attorney Ms. Shakera Khandakar directly represented the non- party witnesses in ref. 10-CV-5681, as such violated the relevant laws of legal representation.

83. After the depositions, during the break Ms. Shakaera Khandakar asked numerous unrelated questions to the court reporter in ref. 10-CV-5681, such as when she could have the Transcript, etc. and those interrupted, deteriorated the Relationship between the client and service provider i.e. between reporting service and plaintiff.

84. Defendants counselor would not let the deponents identity on the record, for example to Keep in the record that the person identified correctly , for that purpose Plaintiff asked last 4 digit's of .S.S. # of the deponent and it was reasonably asked , so that would not have reveal the person's privacy ., hence the attorney's role was improper and making the index, litigation complex.

On the other hand defendants counselor asked Plaintiff while she took plaintiff deposition on or about   03-15-2012 and full S.S # and complete DOB were recorded, disclosed openly in plaintiff disposition transcript Which is in violation of Federal Rules of Civil Procedures Privacy Protection 5.2 for Party and Non- Party . The rule clearly stated  Last four digit and year of individuals birth are allowed to disclose in the record.

Accordingly plaintiff requested numerous times to defendants off counsel attorney and Assistant Corporation counsel Ms. Shakera  Khandakar to use only last four digit of S.S. .& part of DOB if needed as allowed by relevant rules of practices, lately during the conference in front of Judge on or about 06.06.2012, Ms. Shakera  Khandakar denied Plaintiff's such request.

85. In spite of receiving any amicable, reasonable result, Plaintiff is subject to several retaliatory acts and continuously receiving retaliation from Mr. Jyotish Shah and Mr. Bojidar Yanev with the assistance of Mr. Thirugnanam Mohan,A Civil Engineer, Team Leader,field supervisor and Radu Georgescu an Assistant Civil Engineer, who removed the safety van from the field on or about March 06, 2012, Later on filed a false complaint to NYC DOT Advocate office with the assistance, Guidance of Ms. Shakera Khandakar , an Assistant Corporation Counsel, as a result the plaintiff was summoned on or about May 22, 2012 based on such false accusation .

86. Defendants continuously engaged in adverse activities, Such as but not limited to : sending and assigned to work in the field during the adverse condition such as insisting, insisted to work in an unsafe working Zone. Deprive Plaintiff to issue safety equipment(s), such as :
Harness and other safety protective equipment including the Shadow Vehicle(s), Traffic warning sign(s),Reflective Cones etc. etc. Depriving plaintiff from safe working environment. whereas others are receiving more better treatment in every day while on duties. The conspiracies lately begun on or about 5/2/2011 BIN. 2248019, 6/17/2011 BIN. 2270170, While the Bridge was/is under Rehabilitation, violating NYC DOT Bridge Inspections guide line, SOP etc.

87. Plaintiff hereby alleges, re-alleges, repeats paragraphs 1 Through 86 above.

88. Eventually Plaintiff filed a complaint on or about 02-24-2012 with the U.S. Equal Employment Opportunity Commission (EEOC ), New York, District Office.
Plaintiff received the Notice of right to sue letter on or about 05/06/2012 from EEOC'S New York's District office, which was issued /

-29-

by EEOC,NY. District office on or about 05/03/2012 as " Dismissal And

Notice of Rights " by U.S.Equal Employment Opportunity Commission , New

York District Office in Ref. to charge No. 520-2012-01421, Respondent :

NYC Department of Transportation

89. Plaintiff's claims, Actions are brought pursuant to Title VII of

The Civil Rights Act of 1964,as codified, 42 U.S.C. § § 2000e to 2000e-

17(amended in 1972, 1978 and by the civil Rights Act of 1991, Pub.L.

No. 102-166)( race, color, gender, religion, national origin and ADA 1990.

### BACKGROUND AND REMEDIES SOUGHT.

90. On or about February 24, 2012 , Prabir Dhar, plaintiff filed a

complaint with the U.S. EEOC about the discriminatory act. The Details

self-explanatory complain file with the US. EEOC, District Office and

enclosed herewith a copy ,as an Exhibit " E E " with all its Exhibits.

Moreover Plaintiff made Casual ,verbal, written request and other

complain made to all concern /personnel Officially designated with

higher title, these officials  posses much more capacities than the

defendants, all authorized concern personnel of the Employer i.e. New York

City Department of Transportation, The City of New York ,Union Representative

& so on and sought for amicable, reasonable resolution.

### FACTS UNDERLYING ALL CAUSES OF ACTION

91. Prabir Dhar was hired by NYC Department of Transportation as an

Assistant Civil Engineer on or about October 20, 1997 and he reported

to Mr. Jyotish Shah, Director supervisor and Manager , who is

in charge of  the Field office Of NYC Department of Transportation, BRIDGE

INSPECTION, RESEARCH ,DEVELOPMENT and MANAGEMENT DIVISION OF NYC DOT office,

-30-

located at  520 KINGSLAND AVENUE, 2nd FLOOR, BROOKLYN,NEW YORK, NY.11222.
Mr. Bojider Yanev is an Executive Director of NYC DOT.Bridge Inspection
division of NYC DOT. and direct supervisor of Mr. Jyotish Shah.
92. Defendant Mr.Jyotish Shah, Director, a supervisor, Manager and an
Employee Of NYC Department of Transportation, The City of New York with
The approval of Mr. Bojidar Yanev annoyed and annoying
Plaintiff Mr.Prabir Dhar, an Assistant Civil Engineer, an Employee
of NYC Department of Transportation in a day to day business, while
working for the NYC Department of Transportation. Said Mr.Jyotish
Shah, and Mr. Bojidar Yanev, both Directors took several unusual,
discriminatory harsh decision, actions against Plaintiff Prabir Dhar, such as
but not limited to :
Sending to Plaintiff to the NYC DOT Advocate office with the False Accusation
And direct collaboration of another defendant Mr. Radu Georgescu,
Mr. T. Mohan, both are the Probationary employees, hired few years ago, with
the guidance of Ms. Shakera Khandakar, an off counsel attorney for the
defendants Mr. J.Shah, Mr. B.Yanev in the prior litigation, ref. 10-CV-5681,
through their false, frivolous  accusation in ref. inspection dated 03-06-
2012 etc. in similar fashion of the defendants other criminal mischief
activities stated earlier.
93.Defendants failed to keep " smoke free working place policy of the city of
New York".
One of the defendants , Mr. Radu Georgescu , who is blessed by these two
criminally acting directors and active partner of the aforedescribed
defendants Directors all Of the stated mischief adverse actions towards the
Plaintiff, is engaged in reckless smoking in the office premise, field
inspection site and so on.

94. Mr. R. Georgescu , who constantly, very frequently smoke cigarettes sitting and smoking all over and exposing plaintiff in the second hand smoker Zone . This employee i.e. Mr. Radu Georgescu, who's sitting table is attached to the plaintiff sitting/ desk, No other employee in the facility have such arrangement, is openly exposing the fumes of smoke to the plaintiff without any hesitation. As such, this situation is in violation of The City Of new York's , " work Place Smoke free policy"

Scenario of the table/ desks : Plaintiff was assigned to a place where the Sitting arrangement was in such a way, that Mr. Georgescu's sit is next and attached to Plaintiff's table/ desk .

95. When Plaintiff Mr. Prabir Dhar asked for SAFETY as per OSHA Occupational Safety and Health Administration( OSHA) Policies. The defendant (s) Directors ignored and accelerated the retaliation in several manners, during the course of the employment with NYC Department of Transportation. Thus Said Mr. Jyotish Shah the Director of NYC Department of Transportation continuously creating hostile working environment ,for which plaintiff suffered and suffering Post traumatic stress, depression.

96. All of the aforedescribed adverse actions , Mr. J.Shah aggressive actions, acts by Mr. Jyotish Shah had been acknowledged, supported and approved by the other defendant Mr. Bojidar Yanev, and in most of them Mr.B. Yanev directly involved, who is an employee, Manager and Executive Director of Bridge Inspection Unit of the New York City Department of Transportation. Mr.B. Yanev, never use PPE ( Personnel protective Equipments) in the field.

97. Defendant Mr. Bojidar Yanev an Employee and an Executive Director of NYC Department of Transportation also constantly threatened Mr. Prabir Dhar, Plaintiff in different manner such as but not limited to

-32-

issuance of an unusual e-mails, providing copies of the e-mails. Memo(s) of relevant e-mails to the defendants / city's off counsel attorney Ms. Shakera Khandakar memo(s), as such interrupting day to day official work activities of Plaintiff. These Defendants abused and abusing Plaintiff verbally, through e-mails, threatened of taking action, declining to approve Plaintiff Leave request, ignoring the plaintiff time card , sending bullying e-mails and so on.

98. In addition to his own discriminatory activities, this Director Mr. Bojidar Yanev, who is also an employee of NYC DOT an Executive Director and supervisor of other Defendant Mr. Jyotish Shah, Director / Administrative Engineer had been collaborated in the aforementioned Unlawful Employment practices performed and continuously performing Discriminatory activities with the direct assistance of Mr. Radu Georgescu an Assistant Civil Engineer and support and encouragement of the field team leader Mr. T. Mohan .

99. Mr. Bojidar Yanev, one of the individually name defendants do not pay attention , care to plaintiff's safety in the field, there is another reason, because this defendant himself never maintain follow the safety precaution when he is in the field, such as but not limited to "
Mr. Bojidar Yanev most of the time show up to the NYC DOT Bridge inspection site with sleeper, loose clothing like with pajamas, without Hard Hat, with out protective gloves,
Even use bare hands in inspection, while pretending his so called visual Inspection, used bare hands, fingers while inspecting inside the cracks or other structures.
All of these scenario are in violation of safety and health acts( OSHA ).
100. In all of the aforedescribed discriminatory, retaliatory actions

-33-

Defendant Mr.Bojidar Yanev, team up with Mr. Shah and both the
defendants jointly performed all of the said adverse actions .
In addition to Mr. Yanev's own discriminatory acts, this defendant
supported and officially approved all the aforementioned discriminatory
acts, those were directly created, performed by other defendant Mr.
Jyotish Shah.

Both of these Directors of NYC DOT Bridge Inspection did/performed all
Of the said adverse, discriminatory activities, during the course of
Their employment as NYC DOT Employees as Employees of The City of New York.

101. The detail allegations will be provided during the course of the
litigation, proceedings. Also all of complaint filed on or about February 24,
2012 with the US. EEOC , with all of its attachments are integral part of
this complaint.

102. Plaintiff repeats, alleges, re-alleges all of the paragraphs 1 thru 101
And in addition repeats that The complete charges Filed with US. EEOC with
all of its attachments are with the EEOC, District Office, New York , which
was filed by plaintiff on or about 02-24-2012 as a complainant , later on
received EEOC Charge No. 520-2012-01421.

Plaintiff alleges, re-alleges, repeats all of those complain, charges with
this complaint and including supporting Exhibits with that complaint and be
an integral part of this complain. Attached as an Exhibit-EE.

103. Defendants Mr. Jyotish Shah and Mr. Bojidar Yanev, Administrative
Engineer( s)/ Director /Executive Director, NEW YORK CITY , collectively as
the Defendants, specially those two individually named defendants falsifying
the facts , DEPARTMENT OF TRANSPORTATION, Bridge Inspection Division used and

using excessive force beyond their capacities, recklessly Discriminated the

typically plaintiff, while responding for Associate Project Manger EXAM #

8018,Adjustment requested by the Department of City Wide Administrative

Services.( DCAS).

104.The NYC DOT Personnel Department, The City Of New York is Providing one

of the individually named defendants Mr.Radu Georgescu With most highest paid

Assistant Civil Engineer and engaged in excessive overtime etc. who was/ is

Actively involved in performing criminal Mischief conspiracies, while

jeopardizing Plaintiff's life, through removing one of the mini van used for

protection on or about March 06, 2012 inspection.

105. Defendants hired Mr. Jitendra Patel, an Assistant Civil Engineer with

more than lowest salary with out checking any previous salary history.

A comparative history, National original , religious background is listed in

the Chart "A A " , attached herewith  with an Exhibit AA.

, showing the comparison with similarly situated as Plaintiff for some of the

Assistant Civil Engineers getting extra privileged due to race, National

origin and religious background, those similar to the individually name

defendants Directors .


106. Plaintiff has good reason to believe such unlawful,

double standards, unlawful practices set by the defendants, because

this privilege group employees background, race, creed, national

originalities, religious background are either close to

individually named defendants Mr. Jyotish Shah or Mr.Bojidar Yanev, and or

Mr.T Mohan where as plaintiff religious and national originality background

etc. are different.

107. It is also reported, over heard, well known by most of the employees That An Employee Mr. Jitendra Patel, who very often leave the office early, during the absent days, time, Mr. Jyotish Shah, Director, NYC DOT favorably punch the employees log in and out time by falsifying the timecard In the web clock.

108. It is also reported, over heard, well known by most of the employees that An Employee Mr.Mitul Patel, an Assistant Civil Engineer, NYC DOT , who is very often leave the office early, during the absent days, time, Mr. Jyotish Shah favorably punch the employees log in and out time by falsifying the timecard In the web clock and was provided unnecessary overtime.

109. It is also reported , well known that the employee Mr. Mitul Patel earned overtime , exceeding the percentage, permissible by the City Of New York, those are only approved by the defendant Mr. Jyotish Shah and M. Bojidar Yanev.

110. It is also reported that the employee Mr. Jitendra Patel, an Assistant Civil Engineer, NYC DOT that ., the employee earned overtime , exceeding the percentage, permissible by the City Of New York, those are only approved by the defendant Mr. Jyotish Shah and M. Bojidar Yanev.

111. Mr. Jitendra Patel was hired by the defendants from the Civil Service List with a high level of salary ,which was/ is in violation the New York City Civil Service hiring process, rules, regulation, criterion.

111. It is also reported, overheard, well known that the employee Mr. Alexandr Bezdezhsky , an Assistant Civil Engineer, NYC DOT that, the employee earned overtime , exceeding the percentage, permissible by the City Of New York, those are only approved by the defendant Mr. Jyotish Shah and or by Mr. Bojidar Yanev.

112. It is also reported that the employee Mr. Radu Georgescu, an Assistant Civil Engineer, NYC DOT that , the employee earned overtime , exceeding the percentage, permissible by the City Of New York, those are only approved by the defendants Mr. Jyotish Shah and M. Bojidar Yanev.

113. It is also reported, over heard, well known that an Employee Mr. Kamlesh Patel, who very often leave the office early, during the absent days, time, Mr. Jyotish Shah favorably punch the employees log in and out time by falsifying the timecard in the web -clock.

Come to the office/ report late to the office and sometime employees lateness Had been waived by the Defendant Mr. Jyotish Shah, as an excuse absence for Transit Failure , without presenting any document, which is required required by law, regulation.

114. It is also known, overheard that the employee Mr. Kamlesh Patel, an Assistant Civil Engineer , staying as disable employee by providing false doctor's note, which was, were never verified by the New York City specialist(s) and other experts, which is in violation of NYC Diasbility and other relevant standard laws, rules regulations.

115. In several occasions Mr. Jyotish Shah, Administrative Engineer & Director of NYC DOT Abused and continuously abusing the Plaintiff Mr. Prabir Dhar verbally, thru e-mails, issuing memos, threatening for adverse Performance, denying request for Annual Leave, these adverse actions are/ were approved by Mr. Bojidar Yanev, Executive Director, NYC DOT, Bridge Inspection Division. -

116. In several occasions Mr. Bojidar Yanev, Administrative Engineer & Executive Director of NYC DOT Abused and continuously abusing the plaintiff Mr.Prabir Dhar through close monitoring, trespassing

-37-

the chain of supervision , abusing plaintiff verbally, thru e-mails, issuing memos, threatening about report, performance and other adverse actions , providing intimidating and or bullying type advice and so on,

117. Defendant Mr. Jyotish Shah, threatened to the plaintiff, such as Warning for disapproving the plaintiff's Request for leave etc
All of these adverse actions initiated either by Mr. Shah and or Mr. Yanev, Director (s),NYC DOT, Bridge Inspection Division .

118. Plaintiff alleges, re-alleges, repeats the paragraphs 1 through 117 above. Thus the said executive Director (s) , those are employees , supervisors, administrative Engineers, Directors, and managers of New York City Department of Transportation, performed the aforedescribed -

discriminatory actions while on their duties by the NYC DOT, The city of New York.

Thus as an Employer The NYC

DOT is responsible, The City Of New York is liable for allowing, creating, accepting, adopting such adverse actions.

Hence , eventually The NYC DOT, The City Of New York is/ are the responsible party/ parties and Defendant(s).

-38-

119. Most of the aforedescribed negative actions including but not limited to : creations of intimidation, humiliation , hostile and or offensive work environment to exist, directly and or indirectly created by f the said defendants.

120. By the combined effort, said two Directors , jointly coordinating with each others and engaged in Unlawful employment practices and is in violation of EEOC Rules, regulation and these practices are against the law pursuant to Title VII of the Civil Rights Act of 1964,as codified, 42 U.S.C. § § 2000e to 2000e-17(amended in 1972, 1978 and by the civil Rights Act of 1991, Pub.L. No. 102-166)( race, color, gender, religion, national origin). And ADA 1990.

121. Defendant Mr. Jyotish Shah, Mr. Bojidar Yanev both the Directors, The city of New York, DEPARTMENT OF TRANSPORTATION used and using excessive force beyond their capacities, Recklessly used as such misused, misusing their authorities and discriminated plaintiff, while responding for adjustment of Associate Project Manager ( APM ) , Exam # 8018, in ref. to mail dated on or about July 07,2012 by lying and providing untruth statement(s). Thus defendants violated the NYC DOT Code of conduct and these misconduct are official Misconduct as is termed as Misdemeanor A.

122. Both the individually named defendants abuse their capacities , authorities and performing unlawful employment practices against plaintiff verbally, thru e-mails, issuing memos, threatening to adverse performance, provided unnecessary bullying advices while questioned about their criminal conspiracies in the un safe inspection condition , bullying advice in ref. to field inspection dated 03-06-2012 and other unsafe condition dated from on or about May 02, 2011 thru till 2012 i.e. up to to days date.

123.Defendant Mr. Radu Georgescu, while on duty recklessly removed Plaintiff's field inspection pictures ,those he believed have traces ,

-39-

documentary of his mischief work activities in the field , he performed in the field as described earlier In the above paragraphs.

Mr. Georgescu's acts of sudden changing the Mini- van, eventually Exposed plaintiff in front of moving vehicle , there was chances of potential fatal accident , thus the employee Mr. Radu Georgescu, intentionally created the safety Hazardous, while Plaintiff Was occupied , engaged with the bridge inspection he was assigned to.

As such eventually the DEPARTMENT OF TRANSPORTATION, The City of New York uses, used reckless force violating relevant safety regulations.

Thus Defendants Recklessly Discriminated and still continued discriminatory actions against the plaintiff.

124.These individually named defendants/ Directors took initiative to raise or hire NYC DOT Employees, some of the hired employees were hired with much more higher salaries, compared to the plaintiff's salary and provided more safety equipment In the field inspections.

125. These two individually named defendants directors continuously abusing their authorities and engaged in discriminatory actions through verbally, thru e-mails, issuing memos, & so on. These acts of Mr. Bojidar Yanev, Executive Director been primarily, initiated and officially pre-approved by Mr. Jyotish Shah, Director, NYC DOT Bridge Inspection Division.

126. Mr. Jyotish Shah,Director and defendant assigned to Plaintiff Unsafe working condition since May 02, 2011 thru to day's date.

Mr. Jyotish Shah , Mr. Bojidar Ynaev's sending harsh e-mail (s) to plaintiff instructing

Plaintiff to perform field inspection in unsafe working condition , in addition warned to the

Plaintiff by Mr. Bojidar Yanev, breaking the chain of supervision command instructed plaintiff to seek advice of employees assistance and asked about the report writing, when questioned about his criminal conspiracy in putting plaintiff in an unsafe condition lately on or about March 06, 2012.

127. All of the four NYC DOT Employees- individually named defendants worked collaborate manner to expose/ to endanger Plaintiff's life and exposed him in the unsafe working Zone, where there was/ were chances of Fatal Accidents . These individually named defendants eventually seek assistance from Ms. Shakera Khandakar, an Assistant Corporation Counsel, who also involved in the conspiracies, and assisted, guided eventually falsify the fact (s) and send/ summoned plaintiff to the NYC DOT Advocate office for disciplinary action on or about May 21, 22, 2012, after long time had been elapsed, , in ref. to the Inspection dated 03-06-2012.

In all of these adverse actions Mr. Jyotish Shah and Mr. Bojidar Yanev took active part.

128. Mr. J. Shah , Mr. B. Yanev verbally abused in numerous situation by calling plaintiff's name, insulting, criticizing Plaintiff's Religion, national origin of plaintiff by yelling and stating offensive words about Plaintiff's Christian Religion and Bangladesh national originality.

129. Plaintiff alleges, re-alleges, repeats paragraphs 1 through 128.

There were several retaliatory actions taken by defendants Mr. J.Shah and Mr. Bojidar Yanev against Plaintiff Mr. Prabir Dhar, these two Directors are employees, supervisors of NYC DOT and defendants continue performing of such adverse actions

.steps, threatening plaintiff , which includes but not limited to : Refusal of time

Card and denying of request for Leave sent by plaintiff, Bullying e-mails

, providing untruth statement to block plaintiff promotional opportunity and so on. ..

130. Defendants Mr. Jyotish Shah and or Mr. Bojidar Yannev the individually named

Defendants lied, Mischaracterized, misinformed, provided untrue information to the NYC DOT

Personnel and or NYC Department of Transportation while responded on or about July 06, 07,

2011 , in the query of Plaintiff Associate Project Manager (APM)  adjustment title , the

Individually named defendants Mr. Jyotish Shah and Mr. Bojidar Yanev provided false statement

(s) , lied deceptive about Plaintiff's Job description, duties, in reference to Plaintiff APM  title

query  by Department of City Wide Administrative Services( DCAS ) , NYC DOT Personnel

queries . Thus both  the Directors involved and violated the code of official conduct, which is

Misdemeanor crime under  NYS Penal law 195.00

131. Mr. Bojidar Yanev and Mr. Jyotish Shah also lied, hid the Plaintiff's performance

evaluation since 2002 through 2008, 2009 as claimed by the defendants that they had evaluated,

but failed to provide copies. As such the defendants Violated the NYC DOT Personnel

regulation, Engaged in official Misconduct.

132.  Defendant Mr. Jyotish Shah with the approval of other defendant Mr. Bojidar  Yanev

intimidated, harassed Plaintiff  on or about

05-22 -2012 by sending Plaintiff to the  advocate based on false accusation after long time  had

been elapsed , in ref to the incident , immediately after the Depositions of Mr. Bojidar Yanev on

-42-

or about April 26, 2012 and Mr. Jyotish Shah 's Deposition dated May 09, 2012 through their conspiracies, with the assistance of Ms. Shakera Khandakar , an Assistant Corporation Counsel who is an off counsel attorney for the defendants in prior index. Ref. 10-CV-5681.

133.  On or about May 21 , May 22 , 2012 Defendant Mr. Jyotish Shah , Suddenly removed one of the sitting arrangement from Room Number101, Team Leader Mr. Jerry Kao 's Room,It may be mentioned here that Mr. Jerry Kao was / is one of the Witness in the prior Litigation US ED. Court of NY. 10-CV-5681.

134.  Defendant Mr. Bojidar Yanev , Mr. Jyotish Shah , Mr. T. Mohan and or Mr. Radu Georgescu Continuously seek offensive, unlawful advice, guide, providing the NYC DOT 'S Internal issues such as Providing copy/ copies of NYC DOT Bridge INSPECTIONS SAFETY Related issues ref. unsafe lane closing 03-06-2012 to the defendants ( Ref. Index 10-CV- 5681 (ENV) (VVP)-off counsel attorney for the defendants, Ms. Shakera Khandakar, an Assistant Corporate counsel. .

135. Defendant Ms. Shakera Khandakar had violated the NYC DOT'S  internal  safety, health , disciplinary related issues by advising, guiding un authorize way unlawfully and as such actively cooperated defendants as co defendant.

136. Defendant Ms. Shakera Khandaker failed to inform , disclose her National originality as Bangladeshi Origin and or her religious faith of Islam/ Muslim and other relevant information such as but not limited to the NYC DOT Advocate office's Investigation . Ms. S.Khandakar's unlawful guidance, advice, adverse action to make complaint against the Plaintiff to an employee

Mr. Radu Georgescu  and other issues affecting The NYC DOT'S Internal official working

environment , the Plaintiff's prior  Civil Action in the U.S. Supreme court , Eastern District of

New York , Index  10-CV-5681 ( ENV) VVP)  Presently pending .

All of these facts are in violation of  U.S. Eastern District Court of New York, Local Civil Rule

1.6. Duty of Attorneys in  Related Cases.

137. Plaintiff alleges, re-alleges, repeats paragraph 1 through  136 above.. Plaintiff further

alleges that Mr. Jyotish Shah, Director , NYC DOT Bridge Inspection with the approval

of  Executive Director Mr. Bojidar Yanev assigned , enforced Plaintiff to perform the

NYC DOT Bridge Inspection in unsafe working Zone condition , violating the relevant work

Zone Safety . Defendants  violated the absence control,  Leave Regulation by denying Plaintiff

Request for Leave.

138. Defendants unlawfully extended Plaintiff Probationary period Six
month, without issuing any memo.

139. Plaintiff made numerous complaints in reference to the
discriminatory, retaliatory act, salary discrepancies initiation,
creation of hostile work environment, un safe lane, work Zone
condition and so on to the related higher officials of The New York
City Department of Transportation, those holding the higher position
and have much more capacities, authorities than the individually named
defendants employees of NYC DOT BI. -
The said higher officials have control over the said two Defendants/

-44-

Directors i.e.Mr. Jyotish Shah and Mr. Bojidar Yanev.

140. Defendants , made formal false complain to the advocate office of New York City Department of Transportation, on or about May 21, 22. 2012 .e-mails, eventually Plaintiff had to response all those false accusations

141. Till to days date of filing of this suit ,no effort been made by NYC Department of Transportation, The City Of New York to resolve the situation.

142. Defendants made claim that they did annual performance evaluation of employee Prabir Dhar , from 2002 through , until 2008 , 2009 but not producing them, and failed to produce copy/ copies of such evaluation(s).

143.On or about January , May, June 2011 when Plaintiff Prabir Dhar produced the disability certificates defendants ignored, disregarded the Physicians instruction by sending to the field inspection during the disability period. As such violated the Americans Disability Act.

144. On or about July 07, 2011, when NYC Department of Citywide Administration Services (DCAS) and NYC DOT Personnel Department inquire about the Adjustment of Mr. Prabir Dhar's Associate Project (APM) Title Exam number 8018, which plaintiff took, passed and or qualified as selective service certified candidate.

The defendants Mr. Bojidar Yanev and or Mr.Jyotish Shah lied in their response.

Both the directors of NYC DOT Bridge Inspection Lied and provided untruth response/ statement to deprive employee from benefit .

This is in violation of NYS Penal Law Section 195.00 Official Misconduct, and is consider as class A misdemeanor .

145. Per /With the approval/ knowledge of the Defendant Mr. Bojidar Yanev Executive Director one of the other Director Defendant Mr. Jyotish Shah , who is the supervisor and Manager in-charge, who has access, authority and or capacity to gain access to the WEB- CLOCK of the employees working under him and allow him due to his capacity / ability to enter, punch, a time card for another employee, or except where authorized , otherwise record the time card(s) of other Employees. Mr. Jyotish Shah operated , handled in an unauthorized way very frequently engaged, falsely performed logged in / out of the following employees time cards , as such falsified , such as but not limited to :

(a))Mr. Jitendra Patel,an Assistant Civil Engineer, NYC DOT Bridge Inspection,

(b) Mr. Mitul Patel , an Assistant Civil Engineer,

(c) Mr. Kamlesh Patel, An Assistant Civil Engineer, NYC DOT Bridge Inspection.

All of these employees religion is HINDU and their origin is from GUJRAT, INDIA, Exactly same religion as Mr. Jyotish Shah and origin of Gujrat, INDIA. This action of the defendant is in Violation of NYC Code of Conduct and or violation of NYS Penal Law , relevant to employees Conduct, Subject of disciplinary action.

146. Defendants authorized the suspicious, unverified Disability certificate(s) produced by the employee Mr. Kamlesh Patel, Assistant Civil Engineer. The employee had been reported on disability since the year 2002 thru to days date ,in order to avoid field inspection works, initially he was assigned to.

Defendants failed to take proper step(s) to send the employee Mr. Kamlesh Patel to the proper expertise such as Physicians authorized by the City of

New York to authenticate the employees submitted certificate(s). Thus defendants are in Violation of American Disability Act.

147. Said Two Administrative Engineers and Directors Mr. Jyotish Shah and Mr. Bojidar Yanev had not been provided and or providing reasonable overtime to the Plaintiff, whereas others such as the INDIANS and EASTERN EUROPEANS working in the similar situation as Plaintiff / same title as plaintiff are receiving offer and or are working and receiving much more paid overtime, in comparison to plaintiff.

148. Thus defendants discriminatory actions depriving plaintiff from opportunity of having extra monetary income.

149. Defendants exceeded the overtime limit for certain privileged group of employees. The city of New York, Department of Transportation's overtime limit in cases for the Certain privilege group Employees, Please see the Chart as an Exhibit " AA " .

150. Defendants adverse action including , denial or attempt of denial, refusal of plaintiff request for nominal leave, refusal of submitting plaintiff's time card on time , denial of Plaintiff's Promotional opportunity to Plaintiff Associate Project Manager Title , Refusal of Plaintiff's disability note from Plaintiff's Physician. Extending Plaintiff's probationary period and so on. Offensive e-mails . Put plaintiff's life I in danger through the conspiracies such as but not limited to , forcefully exposed plaintiff in an dangerous working conditions through unsafe lane closing and so on.

151. Defendants failed to provide the copies of Plaintiff's performance Evaluation after the 2001, as per Employment contract, terms and conditions etc.

152. The Plaintiff alleges, re-alleges, Repeats the information at paragraphs

# 1 through # 151 above as well as the formal complains made
by Plaintiff as a complainant to EEOC against the NYC Department, its
Defendants/Directors and or others, on or about 02/24/2012 , which Later
on received U.S.EEOC Charge No.520-2012-01421 been re-allege and be an
integral part of this complain.
Plaintiff hereby repeats, alleges and re-alleges those charges and
complains, attached herewith as an Exhibit- "EE".
Those complaints with all its exhibits are attached with this
Complaints. Full/ Whole of that complain should be considered as part of
this formal complain.(Exhibit-EE)

153. The formal complain ,Charge filed with EEOC on or about
02/24/2012 .by plaintiff again alleges and  re-alleges ,repeats with
this Complain as a complainant of that charge As whole / Fully /
totally. Thus adding those complaints as an additional allegation(s)
and re-allegation with this complain and integral part of this complaint.
Exhibit " EE"

154. Plaintiff hereby repeats and re-alleges each allegation contained
in paragraphs 1 through 153 above.

155. By its afore described actions, defendant acted against the
plaintiff for complaining about said employment discrimination in
violation of Section 296(1)(a) of the New York State Executive Law.

156. Plaintiff hereby repeats and re-alleges each allegation contained
In paragraphs 1 through 155 above.

157. From the above described causes of actions it is clearly
established that Racial Discrimination occurred and occurring includes
harassment, adverse action caused by said Directors of NYC Department
of Transportation in collaboration with the other individually named

defendants. These adverse actions by defendants causing plaintiff
uncomfortable mood, unpleasant feeling, depression , depriving plaintiff to
continue his pleasant, personal normal life and so on.

158. Defendants discriminatory actions towards Plaintiff because of
differences of Plaintiff's race, National Origin, creed, religious
faith etc. from the defendants.

159. Also defendants Derogatory actions, comments, response to the

Associate Project Manager E-Mails, denying of plaintiff request for
leave unauthorized extension of probationary period, and other adverse,
negative actions as a NYC DOT employee, plaintiff exhibits those
uncomfortable feelings at works and in personal life.

160. Plaintiff alleges, re-alleges and repeats and all of the
Aforedescribed actions taken by the said Directors towards the
Plaintiff because of the Difference(s) in the race, creed, national
origin, religious faith etc.

161. There are several notable offensive comments, memos, e-mails
through which those two Directors intimidated plaintiff due to the
above described reason(s). Defendants raised the salaries of others
with less qualifications, experiences, and due to the above described
causes Racial discrimination occurred and occurring includes
harassment, Adverse action caused by said Directors of NYC Department
of Transportation and causing Plaintiff mental suffering, depression ,
Sleeping disorder & negatively affecting plaintiff other dally life
Activities etc.

162. During the working period as a NYC DOT Employee, while plaintiff
at work and during the course of duties, Plaintiff feels uncomfortable
at work, because of defendant's discriminatory actions against

-49-

Plaintiff due to the differences in his race, creed, national origin, religious faith. Defendants Derogatory and other actions, comments eventually created offensive and hostile working environment for the plaintiff and they were made by said two Directors.

163. Plaintiff alleges , re-alleges, repeats paragraphs 1 through 56. The Harassing, Hostile and or offensive work environment created by Aforedescribed Defendants interfering with Plaintiff's professional, personal life .

164. Individually named defendants Mr. B. Yanev and Or Jyotish Shah never wear HARD HAT,GLOVE, PROTECTIVE SHOES, Reflective vest and or other protective PPE, As such he/ they intentionally engaged , exposed Plaintiff in unsafe lane closing, unsafe working zone condition. Due to increased retaliatory actions by defendants, Plaintiff is developing additional stress. The harassing actions are so severe and pervasive to constitute illegal discrimination from and or actions taken by the said Directors towards the Plaintiff , hence this harassment falls under racial discrimination. All of the stated un lawful practices by defendants is in violation under the Civil Rights act of 1964 , tile VII and other Federal, state, Local laws. 58.All of the aforementioned actions taken by the said two Directors adversely affected and affecting the plaintiff .These unlawful employment practices by defendants causing plaintiff as an Employee to feel uncomfortable at work. Defendants performing all of these unlawful employment practices during the course of their employment because of plaintiff's differences with defendants in reference to race, creed, national origin, religious believe and other differences. Defendants Derogatory and abusive actions, creating hostile comments or

-50-

actions towards the employee because of racial, religious faith,
national origin , creed and or other difference from the Defendants .
The aforedescribed discriminatory and or unlawful employment practices
by the defendants is in violation of EEOC Discriminatory acts.
165. Plaintiff alleges, repeats, re-alleges paragraphs 1 through 58.
The adverse actions created, create, and or creating by the defendants
With an intention to develop adverse working environment for the
plaintiff , thus defendants Mr. Jyotish Shah, Mr. Bojidar Yanev
intimidating , creating hostile or offensive work environment for the
plaintiff.

166. The defendants discriminatory, retaliatory and or adverse actions
Such as but not limited to Harassment . These harassing actions are so
severe and pervasive can constitute illegal discrimination.
167. Plaintiff used, uses throughout the body , as if Plaintiff is
a Third person singular number for ease understanding ,clear
description of the complaints in each, every paragraph (s) and through
the bodies of these complaints.

168. Defendants is in violation of US. District Court, Eastern District of NY.

Local rules of Practices L.C.R. 1.5(b)(5), since the attorney Ms. Shakera Khandaker is found to

be engaged in conduct Violative of NYS Rules of professional Conduct and or

, she had violated the NYC and or The City of New York, DOT 'S Code of

Conduct . such as but not limited to is in violation of NYC DOT Code of Conduct

, Appendix C2, Chapter 49, Section 1116.

169. Mr. R. Georgescu,  An Assistant Civil Engineer to file complaint against other NYC

    employee Mr. Prabir Dhar, who is a Plaintiff in the  action

In addition to the above complaint  those complaint made to the US.EEOC and eventually

received the Charge No. 520-2012-01421  are also Integral part of this complaint.

170. The following charges and complaint  also part of this coma plaint in a summarized

    forms and Discriminatory Conduct of which I complain in this action and are in

    violations includes :

171. The defendants had violated the US.EEOC  Title VII of the Civil

      Rights  Act of 1964

      Americans Disabilities Act of 1990, as codified , 42 USC

      Section 12112-12117.

      (a) Failure to Promote

      (b) Failure to Adjust  to the Associate Project Manger Title.

      (c) Failure to accommodate My disability
      (d) Unequal Terms and Conditions of My employment.

      (e) Retaliation

      (f) Failure to follow the Public Employees Safety And Health Laws,
      Regulation,

      (g)  Defendants had Violated the NYC DOT, Personnel Department, The City Of
      New York's performance evaluation rules, regulations, by not providing the copies of
      Evaluations to the employee i.e. Plaintiff from the year 2002 thru 2008 and so on .&
      (h) Also had Violated the Probationary Period Extension Rules, regulations, Extended

      plaintiff's probationary period by 6 (Six) Months without issuing, providing memos,

      without the knowledge of Plaintiff.

(j) Failure to follow the Occupational Safety and Health Act

(j). Failure to provide sufficient Safety, Protective Equipments

as per workers safety Laws, Rules, Regulations

ref. NYC DOT Code of conduct

(k) Defendants involved in the criminal activities/ conspiracies to Jeopardize my

safety including the potential life threatening, fatal accident(s), those are

documented and safe guarded by the defendants one of the employees, those

include the Bridge / field Inspection dated 03-06-2012 Photos numbers, such as

but not limited to # 139 through # 187., 15 The typical conspiracies began

Lately on or about May 20, 2011

( l) Defendants had violated the work Zone Safety Manual, NYC DOT'S

Standard Operating Procedures, Use of Personnel protective  Equipments and so on in

reference safety, field inspection and so on.

(m) Failed to provide ; Protect from second hand smoke free  work Place  policy.

(n) Defendants engaged and  performed  Harassment to plaintiff  through false

accusation. (o) Defendants violated the Code of conduct engaged

and  in violation of Official Code of Conduct  and NYS Penal Law

195.00, while defendants Responded the Plaintiff's Associate

Project Manger query in ref. e- mail dated on or about July 06, 07, 2011.

(p) Defendants  knowingly performed official misconduct, with intent

to deprive plaintiff of a benefit:

a.  Defendant (s) commits an act, activities relating to his/ their office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized ; or he  knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his / their office as such  defendant (s)  performed official misconduct , which is class A  misdemeanor . as per official Misconduct Section 195.00.

b.  Defendants also engaged in conduct tending to bring the city of New York, Department of Transportation , City agency into disrepute.

As such  defendants engaged and performing  official Misconduct As per such code of conduct , Employees of the Department of  Transportation ( DOT)  Shall not:

(q). " Neglect or fail to use and maintain all appropriate safety measures and / or equipment for the protection of life and property while in performance of duty,--"

171. Withhold information or provide false or misleading information to the DCAS, nyc dot Personnel. ,Advocate Office. -`` .

172.Dfendant Mr. Radu Georgescu  and  other defendants had Violated and violating the NYC'S smoking policy at work place.

173.  Defendants  failed to obey the  Personnel Protective Equipments, failed to supply proper equipments to the plaintiff.

174.Defendants violated the The  NYS Penal Law Selected Sections Section 195.00 195.05.

175. Smoke free zone.

A. In reference to Plaintiff Prabir Dhar's Associate Project Manager's promotional opportunity, adjustment, Mr. Bojidar yanev had violated NYS Penal Law as a Public Servant is guilty of official misconduct when, with intent to obtain a Benefit or deprive another person of a benefit:

As such Mr. Bojidar Yanev's such Official Misconduct is a class **A  misdemeanor**.

1.  He commits an act relating to his office but constituting an unauthorized Exercise of his official functions, knowing that such act is unauthorized exercise of

2. He knowingly refrains for performing a duty which is imposed upon him by law  is clearly inherent in the nature of his office. --

176. Smoke Free Work Place Policy

 In compliance with NYC S smoke free Air Act ( Title 17, Chapter 5 of Administrative code of the City of New York and NYS   Clean Indoor Air Act ( Article 13- E of the New York State Public Health Law ) and to protect all employees and visitors from second- hand smoke.:

All areas of the work place are now smoke-free without exception.

Per that law employees who violate this policy will be subject to disciplinary action.

## AS AND FOR A FIRST CAUSE OF ACTION

 {( Discrimination in ref. to compensation, Terms, Condition and or privileges  under Title VII  2(a) (1) }

177. Plaintiff alleges, re-alleges, repeats the paragraphs 1 through 176 above.

Plaintiff's salary, compensation discrepancies discriminatory issues falls under this Act of unlawful employment practices.

Plaintiff had been discriminated under the said employment practice law , since It is unlawful to discriminate with respect to compensation, terms, conditions, or privileges of employment, because of Plaintiff's race ,color , religion, and or national origin.

As per aforedescribed reasons employer's discriminatory actions is in violation under the Civil Rights act 1964 , title VII  Rights Act, 42 U.S.C. §2000e-2(a)(1)

## AS AND FOR A SECOND CAUSE OF ACTION

( Hostile work environment and  harassment under Title VII)

178.  Plaintiff hereby repeats, alleges, and re-alleges each allegation (s) , subject contained in paragraphs 1 through  177 above .

179.  By its aforedescribed actions, defendants engaged in hostile work environment and harassment against the plaintiff  and as such the defendants are in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e- 2 (a) (2 ).

## AS AND FOR THIRD CAUSE OF ACTION

( Adverse employment condition under title VII   )

180.  Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through  64 above . For the afore described reasons plaintiff  was deprived from employment status / opportunities .

It is unlawful practices by the employer to deprive any individual of employment opportunities or other wise adversely affect his status as an employee because of race, color, religion, and or national origin. Defendants discriminatory act falls under unlawful employment practices and is in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e- 2 (a) (2 ).

## AS AND FOR A FORTH CAUSE OF ACTION

181. {( Defendants is / are in Violation of Safety, as per Manual on Uniform Traffic Control devices ( MUTCD ),  Code of Federal Rules, Regulation ( 23 CFR) ,US. Occupational Safety and Health Administration( OSHA), US. And NYS Department of Labor , U.S. Department of Transportation Federal Highway Administration ( FHWA)

Work Zone Safety ,  NYS Manual of Uniform Traffic Control Devices( NYS MUCTD)

US. Violation of Safety Hazardous, work Zone Safety ,  New York  City Department of Transportation , Division of Bridges standard Operating System for work zone  and violations of other relevant/ pertinent  Laws, Regulations  ) , NYC Mayor's  OSHA , NYC Mayors Executive orders No 58, 109 ( Article XIV, Occupational Safety and Health) .

Individually named defendant(s), specifically by Mr Bojidar Yanev , Executive

had violated the relevant laws by not wearing the Personnel Protective Equipments (PPE) ,

Lately Since May 02, 2011 thru  March 06, 2012 and till to days date defendants had engaged numerous Safety Violations during the bridge inspection in the field  as of today and continuing such violations described in the body of complaint and US. EEOC Charge filed on or about  02-22-12 / 02-24-2012 , REF, Charge no.520-2012-01421.

## AS AND FOR FIFTH CAUSE OF ACTION

(Unlawful and discriminatory practices by defendants , Retaliation under Title VII ).

182. Plaintiff hereby repeats and re-alleges each allegation contained in

paragraphs 1 through 181 above. Defendants failed to produce or hiding the plaintiff's perform

Annual Performance Evaluation(s) of 2002 thru 2008/ 2009, as such , per employment terms ,

condition & so on. Defendant (s) Mr. Bojidar Yanev and or Mr. Jyotish Shah witnessed that the

performance evaluation had been done up to 2008/ 2009.

183. By its aforedescribed actions, defendants Mr. Jyotish Shah, Mr. Bojidar Yanev and

New York City Department of Transportation, The city of New York  retaliated against the

plaintiff for  bringing the law suit , in ref. 10-CV-5681 , complaining about the harassment,

Endangering plaintiff's safety, through the conspiracies ,discriminatory actions in salary

adjustment through Associate Project Manager.

The defendants discriminatory actions for filing Law suit by the Plaintiff.

testifying, assisting or participating in enforcement proceedings and stated afore-

mentioned  retaliatory actions of Defendants are in violation of Title VII of the  Civil

Rights Act, 42 U.S.C. §2000e-2(a) (2),  Civil Rights Act, 42 U.S.C. §2000e-3(a ) .

## AS AND FOR A SIXTH CAUSE OF ACTION

(Hostile work environment  under New York State Law)

184. Plaintiff hereby repeats and re-alleges each allegation contained in

paragraphs 1 through 183 above.

185. By their aforedescribed actions, defendants  engaged in hostile work environment

Harassment , deprived Plaintiff from receiving Proper Overtime, lack of services like

-58-

plaintiff had not been provided individual necessary equipment, tool , such as Had not been supplied camera as other employees do have.

This discriminatory act by the defendants Mr. Jyotish Shah , Mr. Bojidar Yanev, Mr. T.Mohan, Mr. Radu Georgescu, Ms. Shakera Khandaker and New York City, Department of Transportation , The City Of New York is in violation of NY Executive Law Section 296. 1(a) .

## AS AND FOR A SEVENTH CAUSE OF ACTION

(Retaliation under New York State Law )

186. Plaintiff hereby repeats and re- alleges each allegation contained in paragraphs 1 through 185 above .

187. By its aforedescribed actions, defendant New York City Department of Transportation engaged in unlawful employment practices, retaliated against the plaintiff for complaining about the Discriminatory actions in Safety issues, un safe lane closing , about hostile working Environment etc to the NYC DOT Advocate office , NYC DOT other officials, U.S. EEOC & so on. These afore mentioned retaliatory actions of Defendants are in Violation of New York Executive Law Article 15 (a ), (b), (c) of Human Rights Law.

## AS AND FOR EIGHTH CAUSE OF ACTION

( The New York State Human Rights Law )

188. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through 187. The aforedescribed discriminatory, Humiliation Actions by the defendants is in violation of New York State Human Rights Law ( NYSHRL) .

The NYSHRL  Prohibits discrimination in employment which includes and based on race, creed, color, national origin etc.

## AS AND FOR A  NINTH  CAUSE OF ACTION

### ( NY Executive Law, Article 15, Human Rights Law )

189. Plaintiff hereby repeats , alleges, and re-alleges each allegation contained in paragraphs 1 through  188 above. Defendants Mr. Jyotish  Shah , Mr. Bojidar Yanev, NYC DOT,  all of the Defendants  performed aforedescribed  adverse action(s )  .This discriminatory action of defendants is in violation of NY Executive  Law , Article 15 , Human Rights Law 296 1(a),1 (b) , 1 (c) , 291 (1).

## AS AND FOR A  TENTH  CAUSE OF ACTION

(Employment discrimination  under the New York City Human Rights Law )

1909. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 through 188 above.

190. By  their aforedescribed actions, defendants engaged in Employment Discriminatory actions. The new York City Human Rights Law ( NYC HRL ) Prohibits employment discrimination based on " - - Creed, Color, National Origin---". Employees in NYC Protected from employment discrimination under New York State  Human Rights Law, as well as Title VII .

## AS AND FOR A  ELEVEENTH CAUSE OF ACTION

(Impermissible consideration of race, color, religion, or national origin  in employment practices under title VII , Section 2(a)(m) is an unlawful practice )

191. Plaintiff alleges , re-alleges and repeats paragraphs 1 through 190)

An unlawful employment practice has been established since plaintiff demonstrates that

race, color , religion or national origin was a motivate Factor for any employment

practice, even though other factors also motivated the practice. The unlawful practice by

employer based on this motivated factor is in violation of Title VII of the Civil Rights

Act, 42 U.S.C. §2000e-2(a) (m).

## AS AND FOR A TWELTH CAUSE OF ACTION

Defendants had violated the NYC DOT CODE OF CONDUCT, NYS Penal Law 195.00

192. By unauthorized , fraudulently entering, editing, erasing Fraudulent , Falsehood time.

Defendants also Issuing / Granting Time in the sake of Transit failure , accepting unauthentic

medical certificate to benefit a group of employees of same religion, national origin as one of the

individually named defendant (s) Mr. Jyotish Shah and or Mr. Bojidar Yanev.


## AS AND FOR A THIRTEENTH CAUSE OF ACTION

**Defendants had violated OSHA, FHW Workers Safety Zone, Federal, NYS, NYC**

**Public Employees Safety and Health (PESH) Laws, Regulations.**

193. On or about March 06, 2012 one of the defendants removed the rear van

With an intention to expose the employee Plaintiff during the field inspection

Which is in violation of NYC DOT Code of conduct. Eventually to removed and or safe guarded

the pictures showing that unsafe work Zone. Defendant Mr. Radu Georgescu

-61-

Performed those conspiracy activities with the cooperation of field supervisor Mr. T. Mohan and prior instruction from other defendants Mr. Jyotish Shah and Mr. Bojidar Yanev.

## AS AND FOR A FORTEENTH CAUSE OF ACTION

( US Civil Rights Act., 42 section 2000e-2(d) )

194. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 Through 193 above . Defendants Mr. Jyotish Shah , Mr. Bojidar Yanev, NYC DOT all the Defendants adverse action in the field inspection, forced plaintiff in unsafe working condition , Un safe working Zone. Created by the defendants through their conspiracies.

This unlawful practice and discriminatory action by the Defendants is in violation of U.S. Civil Rights Act., 42 section 2000e-2(d) .

## AS AND FOR FIFTEENTH CAUSE OF ACTION

( Defendants is in Violation of Dept of City wide Administrative service hired employees contract agreement between The City of New York and The District Council – 37, AFSME, Local 375 union, where plaintiff is an affiliated Union member, and hired from civil service list)

195. Plaintiff alleges, re-alleges, repeats paragraph 1 through 77 above. Particularly aforedescribed causes stated in Paragraph 17 above. Defendants acted against the said contract agreement. Plaintiff is an affiliated union member of District Council-37, American Federation of State, City, Municipal Employee (AFSCME), AFL-CIO. Local-375,due to plaintiff's title of employment with The NYC Department of Transportation and or with the defendant(s)

-62-

as an Assistant Civil Engineer.

Plaintiff was hired by the NYC DOT /Defendant(s) from the Civil Service list in a permanent civil service title position. Thus Defendants is in violation of, "Citywide Contract , Between The City Of New York and District Council 37, AFSME, AFL-CIO January 1,1995- June 30,2001 ".

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

(Violation of Contract , agreements , Labor Laws, Regulations )

196.. Plaintiff alleges, re-alleges, repeats the paragraph 1 through 193 above.

As for aforedescribed reason(s) , Defendants is in violation of U.S. Department of Labor, and or Labor council and or Labor Board, and or. New York State Department of Labor, and or New York City Pay Act and or Contract Between New York City and Plaintiff's Labor union.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION.

( Violation of NYC Mayor's Executive orders # 58, 109 and so on.)

197. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1 Through 196 above . Defendants Mr. Jyotish Shah , Mr. Bojidar Yanev, NYC DOT all the Defendants adverse action in the field inspection, forced plaintiff in unsafe working condition , Un safe working Zone. Created by the defendants through their conspiracies.

This unlawful practice and discriminatory action by the Defendants is in violation of ARTICLE XIV Occupational Safety and Health , Mayor's Executive orders No . 58, 109.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION.

## ( Defendants unlawful act. Beyond the NYC Official jurisdiction of Supervision and Labor Law, Agreement )

198. ( Advising, guiding an employee of the NYC DOT Employee to the Advocate office
Un authorize manner and or beyond the Jurisdiction of NYC Law Department
and is in violation of relevant employment , labor laws, Official Misconduct and or Legal
Malpractice and or Structural chain in Supervision)

Violation by Ms. Shakera .Khandakar in ref. to Local Rules of the U.S. District Courts for the

Southern and Eastern Districts of New York. L.C.R. Rule 1.5 (b) (5), Since the attorney is found

to have engaged in conduct Violative of NY S Rules of Professional Conduct , in this case she

had violated the NYC DOT Code of Conduct, by directly interrupting, interfering NYC DOT,

Bridge Inspection 's internal issues. As such violation of NYC DOT ' S , and AFSCME, DC-

37, LOCAL 375, Plaintiff's affiliated Union contract , labor laws, And or engaged in Legal

Malpractice.

## AS AND FOR A NINETEENTH CAUSE OF ACTION.

199. Violation of Local Civil Rule 30.4

- Conference Between Deponent and attorney , while deposition question pending.

- During the deposition in ref. 10-CV- 5682 the attorney Ms. Shakera Khandakar

Involved in the conference by transferring hand writing note to the deponent , by interrupting

the Deponent from answering, while deposition question(s) was/ were pending.

- An attorney for a deponent shall not initiate a private conference with the deponent while a deposition question is pending, except for the purpose of determining whether a privilege should be asserted. Defendant Ms. Shakera Khandakar , an Assistant Corporation Counsel  had engaged in such act during the deposition(s) in ref. index 10-CV-5681.

## AS AND FOR A  TWENTIETH CAUSE OF ACTION.

### 200. Failed to  inform, disclose the National origin and or Religious Faith

Ms. Shakera Khandakar had violated the initial disclosure and or US.Disrict Court, ED of of NY. Local Civil Rule  LCR.  1.6 , by not disclosing her national originality, tie with Bangladesh same as Plaintiff's national originality as well  as NYC DOT Advocate office Relevant issues  AND her Religious Faith of Islam/ Muslim.

## AS AND FOR A  TWENTY FIRST  CAUSE OF ACTION

### ( Violation of  U.S. Federal FRCP  Privacy Protection Rule 5.2 )

201. In ref. to : Index. 10-CV- 5681  Deposition of plaintiff dated 03-15-2012 ,

as  off counsel defendant(s) attorney and an individually named defendant in this auction Ms. Shakera Khandakar had been collected, seek  Plaintiff full Social security Number, Date of birth and recorded it in the Transcript .)

On 03-15-2012  defendant  collected , recorded in the Transcript Plaintiff's  full Social Security Number and complete DOB , eventually disclosed openly in plaintiff  disposition transcript Which is in violation of Federal Rules of Civil Procedures Privacy Protection. 5.2 for Party and Non- Party . , rather it allows only last four digit of S.S. Number and Year of Birth only.                         -65-

## AS AND FOR A TWENTY SECOND CAUSE OF ACTION

( Violation of New York State Penal , Sections Section 195.00 195.05. Official Misconduct by Defendants as Class A misdemeanor )

202.  In reference to Plaintiff Prabir Dhar's Associate Project Manager's promotional

opportunity, adjustment, Mr. Bojidar yanev  and  or Mr. Jyotish Shah's

Response dated on or about July 07, 2011 by providing untruth statement, mis

Characterizing response, falsifying the fact  to deprive Plaintiff from benefit of

Associate Project Manager title in ref. DCAS ' S , NYC DOT Personnel Department's

inquiry as such  defendants had violated   relevant NYS Penal Law , as a  Public Servant is

guilty of official misconduct when, with intent to obtain a  Benefit or deprive another person

of a benefit:

As such Mr. Bojidar Yanev and Mr. Jyotish Shah's  such Official Misconduct is a class **A**

**misdemeanor.**


 He knowingly refrains for performing a duty which is imposed upon him by law  is clearly

inherent in the nature of his office.  Official Violation of New York State Penal , Sections

Section 195.00 195.05. Official Misconduct by  Defendants as Class A misdemeanor , Since

Defendant(s) engaged in the following activities:

He commits an act relating to his office but constituting an unauthorized

Exercise of his official functions, knowing that such act is unauthorized

Exercise )

-66-

# AS AND FOR A TWENTY THIRD CAUSE OF ACTION

203. Defendants Misapprehended , Misinformed in reference to Plaintiff's Associate Project Manager and intentionally hid such information from Plaintiff, certainly untoward actions by the defendants to harm plaintiff.

As such defendants are in violation of NYC Charter Officers and Employees Section 1116.

Section 1116. Fraud; Neglect of duty; willful violation of law relative to office.

Clearly stated :

b. Any officer or employee of the city or any city agency who shall knowingly make a false or deceptive report or statement in the course of duty shall be guilty of a misdemeanor and upon conviction, forfeit such office or employment.

# AS AND FOR TWENTY FOURTH CAUSE OF ACTION

**Violation of the City of New York's , NYC DOT Personnel Department's**

PROBATIONARY Period Extension Memorandum/ Memo RULES, REGULATIONS

204. The defendants had Extended 6 (Six) Months probationary period of employee / Plaintiff without issuing Agreement Memo, violating the NYC DOT'S Personnel Department's Regulation, Laws.

# AS FOR TWENTY FIFTH CAUSE OF ACTION

( Americans with Disabilities Act of 1990, as codified, 42 U.S.C § §12112-12117 ,amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil And the Civil Rights Act of 1991, Pub. L. No. 102-166 )

205.Defendant(s) denied to accommodate Plaintiff's disability period, Physicians Instruction

As such violated the Americans with Disabilities ACT( ADA).                    -67

## AS FOR TWENTY SIXTH CAUSE OF ACTION

### (Defendants engaged unauthorized, fraudulent change of employees time sheet entries)

FRAUDULENT TIME SHEET CHANGE FOR EMPLOYEES TIME SHEET

206. The defendants had entered, altered changed the time sheet entry of privileged Group of employees with an intention to benefit and acted fraud , which is official Misconduct, Criminal and subject to disciplinary act.

## AS AND FOR TWENTY SEVENTH CAUSE OF ACTION

### ( The defendants is/ are in violation (s) of the City of New York Executive order Number 78 , for disciplinary action under sections # 2 and # 3 )

207. The individually named Defendants Mr. Bojidar Yanev and Mr. Jyotish Shah both are employees of NYC DOT, Directors had violated or as per Sections

# 2., # 3 of NYC Executive Order # 78 are subject to be in violation of Disciplinary Proceedings.

On or about e-mail(s) of March 07, 2012 ( Inspection date 03-06-12), when Plaintiff seek assistance for Unsafe Lane Closing of field inspection, the defendant (s) i.e. Mr. Bojidar Yanev stepped in bullying way and trespassing the chain of supervision , Interrupted the plaintiff work by making command irrelevant to the safety and provide the copy to an attorney Ms. Shakera Khandakar, who is not part of the NYC DOT Officials, nor an Employee .

In addition defendants defame, disrepute by showing up to the field for inspection , misinformed, Falsehood about the Plaintiff's

-68-

Job description, hid the correspondence, while performing the city official duties

## AS AND FOR A TWENTY EIGHTH CAUSE OF ACTION

Violation of NYC S smoke free Air Act ( Title 17, Chapter 5 of Administrative code of the City of New York and NYS Clean Indoor Air Act , Article 13- E of the New York State Public Health Law ) .

NYC DOT HR. Guide clearly stated Smoke Free Work Place Policy

208.  In compliance with NYC S smoke free Air Act ( Title 17, Chapter 5 of Administrative code of the City of New York and NYS Clean Indoor Air Act ( Article 13- E of the New York State Public Health Law ) and to protect all employees and visitors from second- hand smoke.:

All areas of the work place are now smoke-free without exception.

Per that law employees who violate this policy will be subject to disciplinary action.

Defendants had violated such Law by allowing Mr. Radu Georgescu

An Assistant Civil Engineer, NYC DOT to smoke in the enclose, open areas of office premise .

## AS AND FOR A TWENTY NINTH CAUSE OF ACTION

**(Defendants engaged unauthorized, fraudulent change of employees time sheet entries)**

**209_ Defendants engaged unauthorized, fraudulent change of employees time sheet entries)**

Plaintiff hereby repeats and re-alleges each allegation contained in

paragraphs 1 through 208 above. Plaintiff repeats the causes of actions from

the first cause of action through Twenty Ninth causes of action described from paragraphs 177 through paragraphs 209 above )

WHEREFORE, plaintiff prays that this court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees, and or other related expenses including disbursement cost of this proceedings, Index and judgment in favor of Plaintiff against Defendants as follows:

Granting economic damages for loss of wages, benefits, promotional opportunities and bonuses in an amount equivalent to what plaintiff would have earned had Plaintiff's salary discrepancies , adjustment of the Promotional title, imbalanced overtime not been occurred .

b) Ordering defendants to adjust and upgrade the salaries , back pay the difference of salaries with the highest paying Junior Assistant Civil Engineer(s) salary, upgrade plaintiff salary as per his seniority and or match plaintiff salary with the other Assistant Civil Engineer(s)and back pay the differences and establish plaintiff salary

Accordingly and or grant an award from the day discrepancies in salary occurred or as per collectible and allowable time frame as per pertaining pay act Laws, Labor Laws and regulations or this court deem to be Justified.

c) Granting damages for mental anguish and emotional pain, sufferings, including psychological and other injuries , Post stress traumatic

disorder ,loss of self-esteem, personal dignity and career fulfillment,

back pay the salary differentials, those paid to highest paid/ paying

junior employee(s)of NYC Department of Transportation, Division of

Bridges and serving in the same title:

d) Granting punitive damages to plaintiff for defendants' willful

violations of the law;

e) Granting plaintiff an award of attorney's fees and or pro-se's

related expenses, time used ,other legal fees and costs of this action;

and

f) Granting such other and further relief as this court finds just,

proper, including injunctive orders and or other relief as may be

appropriate.

### **DEMANDED FOR A JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: New York

July , 27, 2012.

By Plaintiff: ~~Prabir Dhar~~ (Pro-se)

**JUL 27 2012**

PRABIR DHAR,

86-35 Queens Boulevard, Apartment # 4N,

Elmhurst, Queens,NY.11373

Telephone No: 347-489-0266

Attachment(s)/ Copies :

(1) Check #175 (2) Chart -AA (3)Exhibit-US.EEOC filed Charge package-"EE"
    pages/ 10 sheet including intake questionnaire
    (4)U.S.EEOC "Dismissal and Notice of Rights to Sue, 1 page—BB

Pages # 71 of 71-

# A A

## CHART- AA

### COMPARATIVE INFO. ABOUT THE PLAINTIFF, DEFENDANTS, EMPLOYEES ( ACE) , SIMILARLY SITUATED AS PLAINTIFF

| Name of Employee | Title | National Origin | Religion |
| --- | --- | --- | --- |

1. DHAR, PRABIR  - Assistant Civil Engineer (ACE)  BANGLADESH -CHRISTIAN (Plaintiff)

2. PATEL, MITUL  - ACE - Gujrat, INDIA- HINDU (Comparative  Employee/ ACE)

3.PATEL, JITENDR - ACE   Gujrat, INDIA- HINDU (Comparative Employee/ ACE)

4. PATEL, KAMLESH ( With  Questionable Disability)- ACE, Gujrat, INDIA- HINDU (Comparative Employee/ACE)

5. P.S. SHAH, JYOTISH- Director/ Manager- One of the Defendants- ,Gujrat, INDIA- HINDU (One of the defendants )

6.GEORGESCU, RADU- - ACE—ROMANIA (E.U)- Non –Religious  (Comparative Employee/ACE)

(One of the Defendants)

7.BEZDEZHSKY, ALEXANDR- - ACE-- UKRAINE( E.U.)- Not known (Comparative Employee/ACE)

8. P.S. YANEV, BOJIDAR—Director/ Manager- One of the Defendants- BULGARIA (E.U.)-Non Believer of Religion. (One of the defendants ).

9. MOHAN, THIRUGNANAM-Team Leader/ Field Supervisor- Not Known - HINDU (One of the defendants )

10 KHANDAKAR, SHAKERA --  Assistant Corporation Counsel- BANGLADESH - ISLAM/ MUSLIM (One of the Defendants )

P.S. Please note of it that mostly all of the  above  Assistant Civil Engineers (ACE) are getting much more salary, Overtime In comparison to Plaintiff and  or other advantage like disability privilege and provided much more safety Equipments during the Inspection. Most of the similarly situated ACE'S are getting  nearly $ 5,000 to $ 15, 000 dollars more salary per year  than Plaintiff, because of their similarities either one of the Director/ Managers. Except Plaintiff, most of the above ACE'S are from  INDIA and belongs to /   Religion as –HINDU , same as Mr.. Jyotish Shah, Director/ Manager or from Eastern Europeans, same as Mr. Bojidar Yanev, Executive Director/ Manager. All of the above  ACE (employees ),  those who Joined  after Plaintiff Joined  i.e . they are Junior  than Plaintiff  in Length of Service with the NYC DOT, Receiving more Privilege.

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

BB

## DISMISSAL AND NOTICE OF RIGHTS

To: **Prabir Dhar**
**P.O. Box 737640**
**Elmhurst, NY 11373**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2012-01421 | **Orfelino Genao,** **Investigator** | **(212) 336-3642** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____   5-3-12

**Kevin J. Berry,**               (Date Mailed)
**District Director**

Enclosures(s)

cc:

**NYC DEPARTMENT OF TRANSPORTATION**
**55 Water Street**
**New York, NY 10041**

# EE



## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

SHEET [ ] OF [ ]

FEB 2 1 2012

EEOC NYDO (3T)U

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.

## 1.   Personal Information

Last Name: DHAR   First Name: PRABIR   MI: K

Street or Mailing Address: POB. 737640   Apt Or Unit #:

City: ELMHURST   County: QUEENS   State: NY   ZIP: 11373-7640

Phone Numbers: Home: ( 347 ) 489-0266   Work: ( 212 ) 839-2192

Cell: ( 347 ) 489-0266   Email Address: NYCENGRN@AOL.COM

Date of Birth: 03/04/1954   Sex: Male ☒   Female ☐   Do You Have a Disability?   ☐ Yes   ☒ No

Please answer each of the next three questions.   i. Are you Hispanic or Latino?   ☐ Yes   ☒ No

ii. What is your Race? Please choose all that apply.   ☐ American Indian or Alaska Native   ☒ Asian   ☐ White
☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? BANGLADESH

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You

Name: MR. BIVAS GUPTA   Relationship: FRIEND

Address: 122, 33 STREET, APT. 2R   City: BROOKLYN   State: NY   Zip Code: 11232

Home Phone: (_____) _____   Other Phone: ( 917 ) 981-8164

## 2.   I believe that I was discriminated against by the following organization(s): (Check those that apply)

☒ Employer   ☐ Union   ☐ Employment Agency   ☒ Other (Please Specify) By Jyotish Shah , Boji as Yanav

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.

Organization Name: NYC. GOVT. DEPT. OF TRANSPORTATION, THE CITY OF NEW YORK

Address: 55 WATER STREET, 8 TH FLOOR   County: MANHATTAN ( NYC )

City: NEW YORK CITY   State: NY   Zip: 10041   Phone: ( 212 ) 839-9516

Type of Business: NYC. GOVT. AGENCY   Job Location if different from Org. Address: 520Kingslan Av,Brooklyn, NY.11222

Human Resources Director or Owner Name: HR. DY. COMMISSIONER /Personnel Director   Phone: 212-839-9490/9516

Number of Employees in the Organization at All Locations: Please Check ( √ ) One

☐ Fewer Than 15   ☐ 15 - 100   ☐ 101 - 200   ☐ 201 - 500   ☒ More than 500

## 3.   Your Employment Data (Complete as many items as you can)   Are you a Federal Employee?   ☐ Yes   ☒ No

Date Hired: 10/19/1997   Job Title At Hire: ASSISTANT CIVIL ENGINEER

Pay Rate When Hired: NEARLY $37,500/YEAR   Last or Current Pay Rate: $ 58,192/ YEAR

Job Title at Time of Alleged Discrimination: ASSISTANT CIVIL ENGINEER   Date Quit/Discharged: N/A

Name and Title of Immediate Supervisor: MR JYOTISH SHAH , ADMINSTRATIVE ENGINEER AND DIRECTOR, NYC. DOT

SHEET 2 OF 10

2

If Job Applicant, Date You Applied for Job **N/A** _____     Job Title Applied For **N/A** _____

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☒ Race ☐ Sex ☐ Age ☒ Disability ☒ National Origin ☒ Religion ☒ Retaliation ☐ Pregnancy ☒ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; choose which type(s) of genetic information is involved:

☐ i. genetic testing ☐ ii. family medical history ☐ iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: I am Bangladeshi Mixed faith Christian, Kaystha creed Bengali origin

If you checked genetic information, how did the employer obtain the genetic information? **N/A** _____

Other reason (basis) for discrimination (Explain). Jyotish Shah is Indian Gujrati Hindu, Bojidar Yanev is Bulgarian Communist Origin.

**5. What happened to you that you believe was discriminatory?** *Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.* Please attach additional pages if needed. Pl. See Attach.
*(Example: 10/02/06 - Discharged by Mr. John Soto, Production Supervisor)* EXHIBIT 'A' (Pi-1-6)

A) Date: 5/2/11,6/17/11, 7/6/11   Action: Sent to Bridge Sites without safety Vehicles, violating Federal, State,City, PESH, OSHA,
7/20/11 AND So ON   Bridge Inspection Rules, Laws, without safety Equipment, unsafe, Risking Fatal Accident

Name and Title of Person(s) Responsible: Mr(s) Jyotish Shah, Bojidar Yanev, Administrative Engineer(s)/Director(s) DOT. Bridge ins.

B) Date: July 01, 06, 2011   Action: NYC DOT , Bridge failed to picked up From Associate Project Manager Exam 9019 ,List
by changing the title of Assistant Civil Engineer to Associate Project Manager,ref. DCAS .

Name and Title of Person(s) Responsible: Mr(s)Jyotish Shah, Bojidar Yanev, Administrative Engineer(s)/Director(s),NYCDOT, Bridg

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed. ( Pl. See At In[dc]vent)
Since the Begin. of my Job, after these 2 employee found, I am from different Religious faith culture, national original and from Exhibit 'A' (Pi-1-6)
them, began treating me different than other similarly situated employees, those are from similar, &/or closely similar religion,
National origin ,color etc. For example recently they intentionally held /delayed my pay check. In the past they promoted other(s)
similarly situated individual , hired with higher salaries, offered more over time, They enforced to Inspect Bridges unsafe condition.

**7. What reason(s) were given to you for the acts you consider discriminatory? By whom?** His or Her Job Title?
No reason was given, instead intimidated, harassed/ warned , asked by Mr. Jyotish Shah with the approval of Mr. Bojidar Yanev to
produce unsafe documents for the bridge(s), such as for Bridges located near (i) Atlantic Avenue & Wood haven Blvd. AKA BIN:
2248019 (5/2/2011 ) & (ii) S.I. BIN 2270170 (6/17/11). Accordingly I had sent pictures showing unsafe lane closing violating OSHA
Rules, Regulations for workers. Informed Mr. John Massey , Concerned Health & safety Director,NYC DOT. No action was taken.

**8. Describe who was in the same or similar situation as you and how they were treated.** *For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.* Use additional sheets if needed. ( Pl. See Attachment )
EXHIBIT 'A' (Pi-1-6)
Of the persons in the same or similar situation as you, who was treated **better** than you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| MITUL PATEL | GUJRATI , INDIAN, HINDU | ASSISTANT CIVIL ENGINEER |
| **Description of Treatment** This employee was hired with much more higher salary than minimum salary, I was hired with minimum salary, This employee rarely sent to Bridge Inspection site, Always provided safety Lane close Equipments. | | |
| B. Full Name JITENDRA PATEL | Race, sex, age, national origin, religion or disability GUJRATI, INDIAN, HINDU | Job Title ASSISTANT CIVIL ENGINEER |
| **Description of Treatment** This employee was hired with much more higher salary than minimum salary, I was hired with minimum salary, When this employee sent to the Bridge Inspection always provided safety vehicle, Lane closure. | | |

**Of the persons in the same or similar situation as you, who was treated worse than you?**

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| NOT KNOWN | | |

Description of Treatment N/A

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| NOT KNOWN | | |

Description of Treatment

**Of the persons in the same or similar situation as you, who was treated the same as you?**

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| NOT KNOWN | | |

Description of Treatment

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| NOT KNOWN | | |

Description of Treatment

Answer questions 9-12 **only** if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.   (PL. SEE ATTACHMENT)

9. Please check all that apply:

☐ Yes, I have a disability    EXHIBIT ➜ 'A' PG. 1-6

☒ I do not have a disability now but I did have one

☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).
LIFTING, BENDING.

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?

Yes ☒   No ☐

If "Yes," what medication, medical equipment or other assistance do you use?

12. Did you ask your employer for any changes or assistance to do your job because of your disability?

Yes ☒   No ☐

If "YES", when did you ask?  While produced Doctor's note   How did you ask (verbally or in writing)?  VERBALLY

Who did you ask? (Provide full name and job title of person)

MR. JYOTISH SHAH, ADMINISTRATIVE ENGINEER AND DIRECTOR AND MR. T.MOHAN, CE. TEAM LEADER

Describe the changes or assistance that you asked for:
TO ACCOMODATE AND PROVIDE FOR ASSIGNMENT THAT DO NOT NEED FIELD INSPECTION, WHERE BENDING, LIFTING NECESSARY.

How did your employer respond to your request?
STRAIGHT DENIED THAT THERE  IN NO ONE IN THE UNIT WHOM THEY PROVIDE ANY SPECIAL ACCOMODATION.
DENIED BY MR. JYOISH SHAH AND SENT TO FIELD INSPECTION .

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| A. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| MOHAN THIRUGNANAM | CIVIL ENGINEER | 520 KINGS LAND AVE, BROOKLYN, N.Y.11222, TEL. : 212-839-2190 |

What do you believe this person will tell us?
BEING TEAM LEADER/MY IMMEDIATE FIELD SUPERVISOR, WITNESSED UNSAFE LANE CLOSING, DENIAL OF ACCOMODATION ,UNNECESSARILY SENT TO FIELD INSPECTION WHILE BRIDGE WAS / IS IN Rehabilitation, Others.

| B. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| JOSE HERNANDEZ | HIGHWAY REPAIRER | 520 KINGSLAND AVENUE , BROOKLYN, NY. 11222 TEL : 212-839-2194 |

What do you believe this person will tell us?
WITNESSED THE UNSAFE LANE CLOSING , VIOLATING WORKERS SAFETY OSHA REGULATIONS, WHILE I WAS PERFROMING FIELD INSPECTION OF THE ATLANTIC & WOODHAVEN BLVD. BRIDGE AKA BIN : 2248019 (5/2/2011)

14. Have you filed a charge previously in this matter with EEOC or another agency?   Yes ☐   No ☒

15. If you have filed a complaint with another agency, provide name of agency and date of filing
N/A

16. Have you sought help about this situation from a union, an attorney, or any other source?   Yes ☒   No ☐
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
INFORMED THE SITUATION TO BOTH THE SAID ALLEGED MR. SHAH & MR. YANEV AS WELL AS MR. JOHN MASSEY, DIRECTOR OF NYC DOT HEALTH AND SAFETY DIRECTOR. NONE OF THEM RESPONDED PROPERLY.

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

Box 1  ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

Box 2  ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Probir Dhar_                                      _Feb. 22, 2012_
**Signature**                                      **Today's Date**        FEB 22 2012

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. FORM NUMBER/TITLE/DATE EEOC Intake Questionnaire (9/20/08).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a), 42 USC §2000ff-6.
3. PRINCIPAL PURPOSE. The purposes of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

SHEE~ ~SC~ 1~ E~

FEB 2 1 2012

EEOC-NYDu-CRTIU

## EXHIBIT – A ( Additional responses)

Questionnaire sequences :

5. ((i) On or about January . May,  June 2011 different dates when I had produced
the disability certificates, doctors, physicians note in reference to the restricted
light duties :

The Employer's supervisor(s), manager(s) such as Mr. Jyotish Shah, Director of NYC.
Department of Transportation, Bridge Inspection (NYC DOT BI)with the approval of
other manger Mr. Bojider Yanev ,Executive director of NYC DOT BI , denied to
accommodate and forced to do the filed work at bridge inspection project sites,
ignoring, disregarding the doctor(s) instruction. where the bending, lifting etc.
necessary. While the physician (s) barred, restricted to the employee ( I the
complainant )  from doing lifting, bending works, tasks and  advised for light duties.
(ii) On or about May 02, 2011  , Mr. Jyotish Shah , Supervisor, the Administrative
Engineer and Director  with the approval of Mr. Bojidar  Yanev , Administrative
Engineer, Manager and Executive Director of the NYCDOT BI forced to go to field
To the project site of Bridge known and identified as BIN : 2248019 , Located  near
at Feature Carried : Woodhaven Blvd., Feature Crossed : Atlantic Avenue ,
Boulevard in an unsafe condition, where there were chances of fatal accident,
including the death of the complainant, because there was/ were not proper lane
closing, no shadow vehicle (s) was / were used, not enough orange, red color cones
were put, used usually and must used for safety lane closing, standard rules, laws of
lane closing .i. e  before I had started field  inspection.
In the under deck of the bridge only few cones and a cheery picker was used as lane
closing violating the  workers  , work safe lane closing laws.


On the other hand on the top of the bridge there was no lane closing, no shadow
vehicle, no cone was used at all for lane closing and the employee as bridge inspector
(s) , I had to perform the bridge inspection in an unsecured, un protective, unsafe
condition.

EXHIBIT A (CONTD.)  SHEET 6 OF 10

The stated condition was unsafe according to relevant workers safety rules such as but not limited to Federal , State, Local , PESH (Public Employee Safety and Health ) , US Department of Labor, NYC DOT BI Health and safety, other work zone safety rules, laws, regulations . The matter had brought to the notice, informed other relevant officials inside the NYC DOT from begin. May 02, 2011 thru at least May 31, 2011 . June thru July 31, 2011 No action, precaution been taken. Where as previously inspected bridge inspector(s) was/ were provided with all necessary safety vehicles, lane closing etc.

(iii)  Again on or about June 17, 2011 , Mr. Jyotish Shah , Supervisor, the Administrative Engineer and Director  with the approval of Mr. Bojidar  Yanev , Administrative Engineer, Manager and Executive Director of the NYCDOT BI forced to go to field ,  project site of Bridge known , identified as BIN : 2270170 , Located near  at Staten Island Ferry Terminal Bridge, leading to the train stations in an  unsafe condition, where there were chances of fatal accident, including the death of the complainant, because the bridge was under rehabilitation , the deck (s), roof/ ceiling above deck were removed and maintenance was/ were on going at the time of inspection. The NYC DOT BI Policy, guide lines do not allow to inspect the Bridge (s), while bridge is under such rehabilitation.

The condition of the site was unsafe and the field inspection was determined as un necessary , thus violating the standard procedure the said Employees appears to be intentionally sent to Bridge site with an intention to harm the employee/ inspector like I am .

 I had to perform the partial  bridge inspection in an unsecured, un protective, unsafe condition .

(iv) On or about  July  06, 2011,  I  was sent by the above two individuals to a bridge site identified as BIN : 2231960 , Located and AKA  Feature Carried : 149 TH Street , Feature Crossed : Cross Island Pkwy , without proper lane closing and other protective vehicles. for the safety of inspectors, like myself , forced to inspect the

-2 of 6- OF EXHIBIT A

bridge in unsafe condition and later on sent other inspectors. Till today none of the Stated employees i.e. Mr. J. Shah and Mr. B. Yanev  response what was their intention  to send  me to the inspection site.

After the field inspection had been preformed, when asked for the bin to write report, had found send other bridge inspector(s) on 07-29 -2011 and send the Bin to the said team for report writing. The purpose of the said two employee of NYC DOT BI was/ is to make the complainant's life in risk and jeopardize safety by  enforcing the complainant to work in an unsafe work Zone, which is like indirectly forcing, insisting to involve the complainant/ inspector in an accident, including chances of fatal accident i.e.  bridge inspection project sites. Zone .In one situation Eason on or prepare to write report was informed he , already had sent another team and the member of that team writing the report, instead of  our team and specially,, I was assigned, instructed to inspect the Bridge.


(v) I  took a Civil service examination, competitive test namely Associate Project Manager (APM ) Exam number 8018 , and passed the test and

on the illegible list with selective service criterion list, since I met the required special selective service certification needed some bridge, traffic related experience .

On July 01, 2011 the New York City  Department of Citywide administrative services had requested to the personnel department  The New York City  Department Of Transportation(NYC DOT )  for verifying my stated experience and then

NYC DOT  personnel department/ Division asked  for verification and to promote me from the Assistant Civil Engineer to the position of Associate Project Manager (APM) DCAS Exam # 8018 ..

The matter of such communication had not been informed to me, even though I am the concern employee. Later on I had found the information from other source(s).

None of the said supervisors / Mangers / Administrative Engineer, Directors Mr. Jyotish Shah as well as Mr. Bojidar  Yanev  informed me about  such communication.

Though the NYC DOT Promoted other(s) similarly situated Assistant Civil Engineer

EXHIBIT 'A' (CONTD.)

By changing their title to Associate Project Manager and upgrading their salary etc.

(vi) On or about September- October 2011 , It came to my knowledge

These two state employees, supervisors, managers, Directors Mr. J. Shah and Mr. B. Yanev unlawfully extended my initial Probation period by 6 (six ) months without my knowledge and without any written agreement , by law they must inform such way. Thus violated the performance evaluation rules, regulation, guide lines. As well as unlawfully, illegally extended the probation period without any memo(s) Or even without the knowledge of the employee i.e. the complainant of this complain.

(vii) The said supervisor (s) failed to do the annual performance evaluation of the complainant- employee since 2003. Also these supervisors failed to provide the copies of performance evaluation after 2001. Thus violated the employees performance evaluation rules, guide, laws.

(viii) On or about 07-20-2011 forced to sent the field inspection on or about July, 20, 2011 to the bridge project sites identified as BIN : 2249450 AKA Feature carried Freemont Av .Foot Bridge , Feature crossed : SIRT South Shore in Staten Island County of NY, the said managers Mr. J. Shah with the approval of other manager Mr. B. Yanev sent to the Staten Island Rail Road (S I R T) , where I had indicated that I did not had proper training- pass to enter, thus jeopardize my safety. Similarly sent to Other Bridge (s), sites where there were / are similar unsafe, unlawful

Prior to these incidents , there are other unlawful activities where these managers enforced me to do unusual work, against my safety, even risked my life, chances of fatal accident due to the unsafe project, bridge unsafe site condition, where these two individually discriminatory actions had been performed by the said two employees of NYC DOT. .

6. I believe since these people knew I am from Bangladesh and different culture than them with different religious faith and I had complained about my salary discrimination , imbalance overtime, and asked not to discriminate such as lately November 2009 with US EEOC for some other issues of discriminations

EXHIBIT A (CONTD.)                    SHEET 9 OF 10

7.  Contd. From original form(s) in this sequence , using same format:

C  **Full Name**        **Race, sex ,age, national origin, religion or disability**        **Job  Title**

   Kamlesh  Patel        GUJRAT, INIDIAN, HINDU                Assistant Civil Engineer

**Description of treatment  :**  This employee is allowed to start and end the work with
different than  other , similarly situated employees like myself. This employee has
different schedule than other  similarly situated Assistant Civil Engineer. The
employee is performing less laborious works assignment, assigned by the said two
mangers Mr. J.Shah and Mr. B. Yanev. The employee does not go to field unlike
other Assistant Civil Engineers nearly more than decade i.e. at least does not go to
field more than 10 years. This employee initially hired by the NYC DOT BI in the
same day on or about Oct. 19, 1997 and initially started performing the field, bridge
inspection .  This employee is assigned to work as Quality Control person with NEW
YOR STATE LICENSE, a license required to perform such assignment. The
employee is assigned, approved such tasks by the said two directors.

D. Alexandr  Bezdezhsky :  white , Ukraine, East Europe     Assistant Civil Engineer
**Description of treatment  :**  This employee's salary was raised by the recommendation
of  Mr. J.Shah and Mr. B.Yanev , where as  there was no such recommendation for
salary increase of the complainant . The employee receive much more better
treatment in day to day business, such as I had to move, change my sitting
arrangement  numerous time, whereas this employee remain in the same sit and
occupying the same sit, desk once he started to work in this division, unit of NYC
DOT BI.

EXHIBIT A (CONTD.)     SHEET 10 OF 10.

E. Radu Georgescu          White, Romanian, E.U.          Assistant Civil Engineer

Description of treatment : This employee was hired much more higher salary than

the minimum hiring salary , at the time the employee was hired. The complainant

was hired with minimum salary for incumbent . The employee remained in the same

sitting arrangement, using same desk the day he started working with this unit.

P.S. Please note of it all of the stated employees listed in sequence 8 from A thru E

Had received , Are receiving much more overtime than the complainant-employee

(i.e. I the complainant ).

13. During the un safe bridge inspection site as mentioned above, the bridge

identified as BIN : 2270170 ( Staten Island ) , date of inspection 06/17/2011 ,

Location near to Staten Island Ferry terminal bridge leading to train station.

There was an employee of NYCDOTBI namely Mr. Dushawn Davis, Highway

repairer was also at the project / Bridge inspection site, hence witnessed the above

stated fact. Described in sequence 7 as well as sequence 5 (iii).

-6 of 6- EXHIBIT 'A'

FEB 22 2012

-------------------------x-------------------------------

FEB 2 4 2012

DC-N_DO-CRTIU