UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PRABIR DHAR,

                        Plaintiff,

          -against-

CITY OF NEW YORK, NYC DEPARTMENT
OF TRANSPORTATION, BOJIDAR YANEV,
NYC DOT BRIDGE INSPECTION AND
MANAGEMENT, JYOTISH SHAH,
THIRUGNANAM MOHAN, RADU
GEORGESCU, and SHAKERA KHANDAKAR

                       Defendants.
----------------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 24 2015 ★
BROOKLYN OFFICE

**MEMORANDUM &
ORDER**

12-cv-3733 (ENV) (VVP)

VITALIANO, D.J.,

On February 7, 2015, the Court granted defendants' motion to dismiss Dhar's case in its entirety, but without prejudice as to his claim that he was subjected to retaliation after filing a prior lawsuit, and granted him leave to file an amended complaint on that single claim within 30 days. (*See* Mem. & Order, Feb. 7, 2015, Dkt. No. 41, at 14) ("February 7th decision"). Dhar timely filed an amended complaint, this time with the addition of a new defendant and 11 new causes of action. Defendants now move against it. For the reasons that follow, defendants' motion is granted, and the complaint is dismissed with prejudice.

## Background

The factual allegations and procedural history of this matter are thoroughly catalogued in this Court's February 7th decision and the decision dismissing Dhar's earlier case, *Dhar v. NYC Dep't of Transportation*, No. 10-cv-5681, 2014 WL 4773965 (E.D.N.Y. Sept. 24, 2014) (*"Dhar I"*). Familiarity of the parties with those decisions is presumed.

As previewed above, the core of Dhar's grievance in the instant action is that he was subjected to retaliation by his employer, the Department of Transportation ("DOT"), after filing the complaint in *Dhar I*. It its February 7th decision, the Court noted that Dhar's original complaint in this action was largely a sprawling 83-page "remix of the exact grievances that were the subject of *Dhar I*'s disposition," combined with *ad hominin* attacks on defendants' prior counsel. Dhar's attacks on prior counsel were based almost entirely upon his perceptions of her ethnic background and religious beliefs. (February 7th Decision at 3). The Court also observed that Dhar's complaint "purport[ed] to interpose no fewer than 29 causes of action," and, as pointed out earlier, dismissed all but one of them with prejudice. (Id.). In doing so, the Court concluded that "[s]olicitude, it appears, mandates that plaintiff be granted a second chance to state his retaliation claim . . . which may prove impossible given Dhar's complaints about working conditions *before* he filed the first action." (Id. at 12).

Undeterred by the Court's order, and in line with his strategy

throughout the litigation of both lawsuits, Dhar filed a sweeping amended complaint supposedly asserting 13 causes of action spread out over a now streamlined 43 pages of type. (Am. Compl., Dkt. No. 42). Not content to limit himself to the Title VII and NYSHRL retaliation claims, Dhar's amended complaint spotlights 11 additional causes of action stemming from perceived violations of rights for which § 1983, the False Claims Act, 31 U.S.C. §§ 1729-3733, the New York City Human Rights Law ("NYCHRL"), § 75-b of the New York Civil Service Law, and, apparently, internal DOT employee regulations, he claims, provide remedy.

## Standard of Review

At the start, as Dhar has been advised before, to survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A plaintiff must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965. A court must presume the truth of all factual allegations in the complaint for purposes of Rule 12(b)(6), but the court is not bound to accept the truth of

legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Furthermore, "[d]istrict courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 Fed. Appx. 40, 43 (2d Cir. 2012).

But, even after multiple drafts of a complaint, when a plaintiff proceeds without legal representation, the district court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam).

## Discussion

### 1. New Causes of Action

In the February 7th decision, Dhar was given permission to replead *only* his state and federal retaliation claims. In that Order, the Court observed that Dhar's complaint suffered from multiple substantive and procedural flaws, mainly because it "seeks, in short, a second bite out of the same apple" that was the subject of *Dhar I*. Despite the fact that Dhar failed to state plausible federal or state retaliation claims, the Court, in an abundance

of caution, granted him leave to "replead his retaliation claims" against the City of New York only. (February 7th Decision at 14) Dhar flagrantly disregarded this clear instruction not only by making claims against defendants already dismissed from the case but also by adding both new claims and a new defendant. Dhar, under Rule 15, could not amend his complaint as of right to add his surplusage of claims and defendants. Nor, perhaps understanding the import of the instruction he had chosen to disregard did he move for leave to do so, pursuant to Rule 15(a)(2). *See* Fed. R. Civ. P. 15(a)(1)-(2). As a result, all additional non-retaliation claims against all defendants are dismissed, but, to the extent not barred by the issue and claim preclusion effects of *Dhar I*, all of the surplus claims are dismissed without prejudice. *See Pagan v. New York State Div. of Parole*, 98 Civ. 4840, 2002 WL 398682, at *3 (S.D.N.Y. Mar. 13, 2002) (dismissing, with prejudice, new claims which exceeded scope of permission to amend following dismissal); *But see Bravo v. Established Burger One, LLC*, 12 Civ. 9044, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013) (dismissing new claims based upon new facts without prejudice, subject to refiling in a new lawsuit). In this connection, it is hard to fathom a future good-faith filing by plaintiff of any employment discrimination claim arising out of his employment with the City.

2. <u>Retaliation</u>

5

As the Court set forth in detail in the February 7th decision, Dhar's contentions largely focus on allegations that Shah, Yanev and other employees of BIU, the unit of DOT where they all worked, retaliated against him because he brought *Dhar I*, in which they were sued. As in his first complaint in this action, Dhar supports the retaliation claims with a litany of alleged safety violations and personal slights he contends subjected him to danger or were otherwise wrongful. The City, as his employer, and all of his supervisors and co-workers there, were, unquestionably, fully aware that Dhar had filed the first lawsuit, *Dhar I*, and of the substance of his claims of discrimination.

The Court ruled in the February 7th decision that Dhar easily satisfied some of the elements of a plausibly pleaded retaliation claim, namely, his assertion that, because of his filing of the first lawsuit, he had clearly engaged in a protected activity, and that his employer was certainly aware of that activity. Where Dhar stumbled, however, was in his inability to plausibly plead that he suffered any consequence which "a reasonable employee" would have found to be "materially adverse, [and] which in this context also means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006). In granting leave, though, the Court was well

aware that the balance of the record gave faint hope that Dhar could cure the deficiency. But, solicitude required, the Court concluded that Dhar be given the opportunity to try.

That premonition proved prophetic. Dhar's amended complaint essentially consists of the same "petty slights" and "minor annoyances" that permeated his first complaint, combined with new, though equally insignificant, allegations of the same kind of conduct that in no way rise to the level of a retaliatory adverse employment action. Far more dispositively, the laundry list of petty complaints does not vary in any substantial way from the list he previously relied upon to advance his original claim of discrimination in *Dhar I*. The amended complaint described how he said he had always been treated. Unchanged conduct can hardly support a claim of retaliation. *See Washington v. City of New York*, 05 Civ. 8884 (LAP), 2009 WL 1585947, at *8 (S.D.N.Y. June 5, 2009) (continuation of adverse employment conditions which occured prior to protected activity defeats any inference of causation).

Dhar 's amended complaint does allege, however, that he was suspended because of his "verbal abuse," for a period of three days in July 2014. He claims the suspension was in retaliation for his first lawsuit. (Am. Compl. ¶ 23). Dhar's suspension, although imposed after a hearing before an administrative law judge at the Office of Administrative Trials and Hearings

7

("OATH"), and upheld by the New York City Civil Service Commission ("NYCCSC") on appeal, clearly suffices as an adverse employment action. *See Brown v. City of New York*, No. 14 Civ. 2668, 2014 WL 5861995, at *3 (S.D.N.Y. Nov. 12, 2014). Nevertheless, it too is a dry hole. The offending suspension, which was imposed approximately four years after Dhar filed his first lawsuit, is far too attenuated to support the plausible pleading of a causal connection to the protected activity to create an inference of discrimination. *See Dixon v. International Federation of Accountants*, 416 Fed. App'x 107, 110 (2d Cir. 2011) (holding that adverse action four months after protected act was insufficient to establish a causal connection). Indeed, "[t]he passage of even two or three months is sufficient to negate any inference of causation when no other basis to infer retaliation is alleged." *Williams v. City of New York*, No. 11 Civ. 9679, 2012 WL 3245448, at *11 (S.D.N.Y. Aug. 8, 2012). With nothing else pleaded to support a plausible retaliation claim, the suspension-based claim must also be dismissed and dismissed with prejudice.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss the claims of retaliation as set forth in the amended complaint is granted, and those claims are dismissed with prejudice. Pursuant to Rule 15 all other claims are struck as surplusage since no leave to plead them was granted. The

8

amended complaint, now consisting of the retaliation claims, is dismissed with prejudice. To the extent the surplus claims are also barred by issue and/or claim preclusion, they are dismissed with prejudice as well.

The Clerk of Court is directed to enter judgment for defendants, and close this case.

Dated:  Brooklyn, New York
        July 16, 2015

s/Eric Vitaliano

ERIC N. VITALIANO
United States District Judge